**PREMIER BANK, NATIONAL ASSOCIATION**

v.

**J.B. WARD.**

**Civ. A. No. 89–281–B.**

United States District Court, M.D. Louisiana.

Feb. 6, 1990.

E.M. Quijano, Adams & Reese, Baton Rouge, La., for plaintiff.

Mary E. Heck Barrios, Trial Atty., Baton Rouge, La., for defendant.

## RULING ON PLAINTIFF'S MOTION TO ASSESS COST OF SERVICE

POLOZOLA, District Judge.

Premier Bank, National Association ("Premier") filed this suit to recover on a promissory note against J.B. Ward. On April 17, 1989, Premier attempted service of the summons and complaint by certified mail to Ward's address in Alabama. The certified mail package was refused by the defendant and returned to counsel for Premier on April 24, 1989. On the same day, Premier again attempted service of process, this time by first class mail pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. When Premier failed to receive the acknowledgement of receipt of summons and complaint within the twenty

day period mandated by Rule 4(c)(2)(C)(ii), Premier then filed a motion seeking appointment of a process server. An order appointing a process server was issued on May 26, 1989 and Ward was personally served on June 9, 1989. On or about June 10, 1989, the contents of the April 24, 1989 mail package,[1] correspondence from the defendant's doctor, and copies of the motion and memorandum to appoint a process server were returned to Premier's counsel in an envelope bearing Ward's name and address.

Premier now seeks to recover the additional cost and expenses of $1,287.50 incurred because of Ward's failure to accept service by mail pursuant to Rule 4(c)(2)(D) which provides:

> (D) Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgement of receipt of summons.

Specifically, plaintiff seeks to recover the following costs and expenses: (1) process server's fee of $50.00; (2) attorney's fees of $405.00 which were incurred in finding a process server in Alabama, drafting and filing the motion and order to appoint the process server and a memorandum in support thereof; and, (3) attorney's fees in the sum of $832.50 for drafting and filing this pending Motion to Assess the Cost of Service and a memorandum in support.

Ward has not responded to this motion and no evidence appears in the record indicating any "good cause" for his failure to execute and return the acknowledgement of summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure.

■ The Court must now determine whether attorney's fees are recoverable as "costs of personal service" under Rule 4(c)(2)(D). It is clear that costs does in-

---

**1.** This package contained a cover letter, copies of the summons, complaint, verification, the order scheduling a status conference, and the notice and acknowledgement of receipt of summons and complaint.

clude the process server's fee of $50.00.[2] The Court now finds that attorney's fees incurred in obtaining service on a defendant who fails to acknowledge service by mail are recoverable as costs of personal service under Rule 4(c)(2)(D). The attorney's fees also include fees incurred in filing a motion to obtain attorney's fees.

There are apparently no reported decisions that directly resolve this issue. Several cases have discussed but not decided the issue. In *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877 (3d Cir. 1987), the court infers in dicta that cost charged to a non-acknowledging defendant may include attorney's fees. In *Crocker National Bank v. Fox & Co.*, 103 F.R.D. 388, 390, n. 3 (S.D.N.Y.1984), the court recognized the issue but specifically left it open. There is, however, one unreported decision rendered in *C.I.T. Leasing Corp. v. Manth Machine & Tool Corp.*, CIV–85–261C (W.D.N.Y.1985) which was cited in *Green*, which held that the fees of the plaintiff's attorney in arranging for personal service and for bringing the motion for costs were both "costs of personal service" under Rule 4(c)(2)(D).[3] The result in *C.I.T. Leasing Corp.* is consistent with the policies behind Rule 4(c)(2)(C)(ii). The legislative history regarding this rule indicates that:

> The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense.[4]

This Court agrees that providing for the recovery of attorney's fees will encourage defendants to acknowledge mail service, make the service by mail provision of Rule 4 work better, and effectuate the policies behind the rule. The Court's holding herein does not mean that every defendant who fails to acknowledge service by mail will be sanctioned with attorney's fees. Attorney's fees will only be awarded where a defendant is unable to set forth "good cause" for his failure to acknowledge service by mail.

■ Plaintiff seeks the sum of $1,287.50. All but $50.00 of this sum is for attorney's fees.[5] As noted earlier, plaintiff seeks the fees incurred for arranging the personal service of the defendant as well as attorney's fees incurred in filing its motion for attorney's fees and costs.

A review of the facts and circumstances of this case reveal that the attorney's fees sought are fair and reasonable. This case is precisely the type of case that Rule 4(c)(2)(D) was enacted to discourage. The defendant totally and without good cause ignored the plaintiff's attempts to serve the defendant by mail. The second summons and complaint sent by first-class mail was returned to the Premier's counsel unacknowledged in an envelope bearing the return name and address of Ward. Instead of acknowledging receipt of the summons and complaint, Ward chose to frustrate the procedures for service of process by mail. This Court shall not tolerate such a blatant disregard of civil procedure. Thus, instead of Ward paying the minimum cost of a 25 cent first class stamp, he shall be required to pay the sum of $1,287.50.

Therefore, the plaintiff's Motion to Assess Cost of Service is GRANTED.

The defendant, J.B. Ward, shall pay to the plaintiff within 15 days of the receipt of this order the sum of $1,287.50. Certification of payment shall be filed in the record. Should the defendant fail to timely comply

**2.** See *Eden Foods, Inc. v. Eden's Own Products, Inc.*, 101 F.R.D. 96 (D.C.Mich.1984). Also see Siegel, *Practice Commentaries on F.R.C.P. Rule 4*, 28 U.S.C.A.Fed.R.Civ.P. foll. Rule 4, Original Practice Commentary, C4–19, 40 (West Supp. 1989).

**3.** Siegel, supra note 2, Supplementary Practice Commentary—1986, C4–19, 101.

**4.** H.R. 7154, 97th Cong., 2d Sess., Section-by-Section Analysis, Section 2, 8 (1982).

**5.** Certainly one of the primary reasons for the amount of the attorney's fees is the novelty of this issue.

with this order, appropriate sanctions will be issued by the Court.