H. Gibbs ANDREWS, M.D., Plaintiff,

v.

PEDIATRIC SURGICAL GROUP, P.C., et al., Defendants.

Civ. A. No. 1:91–CV–0410–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 3, 1991.

Samuel N. Frankel, John Deaton Steel, Frankel, Hardwick, Tanenbaum & Fink, Atlanta, Ga., for plaintiff.

Marc Howard Wittes, Alvin N. Siegel, Siegel & Associates, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge

This matter is before the court on plaintiff H. Gibbs Andrews' motion to recover costs for special service of process pursuant to Rules 4(c)(2)(C) and (D) of the *Federal Rules of Civil Procedure.* This motion is unopposed.

On or about February 22, 1991, the date a complaint was filed against defendants with this court, plaintiff attempted to serve process against defendants via certified mail. On or about March 1, 1991 the defendants received the service of process. Plaintiff complied with all requirements of *Federal Rules of Civil Procedure* 4(c)(2)(C). Rule 4(c)(2)(C)(ii) allows service of process:

by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under the subdivision of the rule is received by the sender within twenty days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Fed.R.Civ.P. 4(c)(2)(C)(ii).

Defendants did not acknowledge service of process within twenty days after the date of mailing as required by Fed.R.Civ.P. 4(c)(2)(C). Therefore, as required under Rule 4, plaintiff was forced to rely on a special process server to obtain service upon the defendants.

Plaintiff now requests that this court order the defendants to pay the costs associated with the special service of process pursuant to Fed.R.Civ.P. 4(c)(2)(D). Rule 4(c)(2)(D) provides:

Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within twenty days after mailing, the notice and acknowledgement of receipt of summons.

Fed.R.Civ.P. 4(c)(2)(D); *see also Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991). Specifically, plaintiff seeks to recover two types of costs and expenses resulting from the special service of process: (1) $60 for a special process server fee; and (2) $350 in legal fees.

None of the defendants have responded to this motion or shown "good cause" for their failure to acknowledge plaintiff's initial service of process attempt by mail as required by Rule 4 of the *Federal Rules of Civil Procedure.* The court will address plaintiff's request to recover costs in *seriatim.*

## I. SPECIAL PROCESS SERVER FEE

Plaintiff seeks to recover $60 in costs for special process server fee used to obtain personal service upon the various defendants. *See* Aff. of John D. Steel at ¶ 7. Clearly, the fee for special process server is recoverable as "costs of personal service" under Fed.R.Civ.P. 4(c)(2)(D). *See Premier Bank, Nat. Ass'n v. Ward,* 129 F.R.D. 500, 502 n. 2 (M.D.La.1990). Therefore, plaintiff's motion to recover costs for a special process server fee is GRANTED.

## II. ATTORNEY'S FEES

The question whether attorney's fees [1] are recoverable as "costs of personal service" under Fed.R.Civ.P. 4(c)(2)(D) is a novel one before this court and appears to be a question of first impression for this circuit.

---

1. Any request for attorney's fees must be consistent with *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988).

Specifically, plaintiff alleges that due to defendants' failure to acknowledge service of the summons and complaint by mail, plaintiff was required to obtain an alternate means of service which necessitated drafting a motion for appointment of a special process server, presenting the motion to the court, reprepare a summons for each defendant, have the court reissue a summons to each of the five defendants, and draft this motion to recover costs, at a combined cost of $350 in legal fees. Aff. of John D. Steel, at ¶ 6.[2]

Although it is clear that plaintiff may recover reasonable costs resulting from personal service of process, *see* Fed. R.Civ.P. 4(c)(2)(D); *Schnabel,* 922 F.2d at 728, the question remains open whether attorney's fees should be included in "the costs of personal service." *See* Rule 4(c)(2)(D). No reported decisions directly resolve this issue in the Eleventh Circuit, and only one district court and one circuit court have addressed the issue to date.

In *Premier Bank, National Association v. Ward,* 129 F.R.D. 500 (M.D.La.1990), District Judge Polozola held that attorney's fees are recoverable as "costs of personal service" under Rule 4(c)(2)(D). *Ward* at 502. The facts in *Ward* are identical to those present, except that the amount of attorney's fees sought to be recovered is different.

Specifically, plaintiff seeks to recover the following costs and expense: (1) process server's fee of $50; (2) attorney's fees of $405 which were incurred in finding a process server in Alabama, drafting and filing the motion and order to appoint the process server and a memorandum in support thereof; and (3) attorney's fees in the sum of $832.50 for drafting and filing this pending Motion to Assess the Costs of Service and a memorandum in support.

*Id.* at 501. The court found that "providing for the recovery of attorney's fees [would] encourage defendants to acknowl-

edge mail service, make the service by mail provision of Rule 4 work better, and effectuate the policies behind the rule." The court pointed to the legislative history of Rule 4 which states:

The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effectuating service ought to reimburse the party who was forced to bear the additional expense.

*Ward* at 502 (quoting H.R. 7154, 97th Cong., 2d Sess., section-by-section analysis, § 2, 8 (1982)). Finally, the court notes that such a ruling would not mean that every defendant who fails to acknowledge service by mail would be sanctioned for attorney's fees; only those unable to show good cause for such failure to acknowledge would be sanctioned. *Ward* at 502.

The Third Circuit, in *dicta,* infers that attorney's fees are recoverable costs from defendants who do not acknowledge service by mail as required under Rule 4(c)(2)(C)(ii). *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877, 883 (3d Cir.1987) ("costs charged to a non-acknowledging defendant may include the attorney's fee both in arranging personal service and in making the motion to recover costs under Rule 4(c)(2)(D). [Cits.]."); *see also Ward* at 502.

Based on the aforementioned case law and legislative history, this court now holds that the recoverable costs of personal service under Rule 4(c)(2)(D) shall include attorney's fees incurred in obtaining personal service on a defendant failing to acknowledge service by mail. These costs shall generally include attorney's fees necessary for drafting a motion for appointment of a special process server, presenting the motion to the court, preparing a new summons for each defendant, having the court

---

**2.** Because this court infers from the record evidence that these costs were actually charged to the plaintiff and because defendants do not object, the court finds that plaintiffs are in full compliance with *Norman v. Housing Authority*

*of City of Montgomery. See Norman,* 836 F.2d 1292, 1299 (1988) ("satisfactory evidence necessary must speak to rates actually billed and paid").

reissue a summons for each defendant, and fees incurred in filing a motion to recover costs of special service.

Therefore, plaintiff's motion to recover costs of service for attorney's fees is GRANTED.

Defendants are instructed to pay plaintiff the sum of $410.00. Payment shall be made within ten (10) days of the date of this order or default will be entered against the offending defendants.

SO ORDERED.