**Vanessa MENKE, Plaintiff–Appellant,**

v.

**Eric MONCHECOURT, Defendant– Appellee.**

**No. 93–1217.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1993.

Decided March 1, 1994.

Jeffrey G. Brown (argued), Thomas J. Shannon, Chicago, IL, for plaintiff-appellant.

Eric Monchecourt, pro se.

Before COFFEY and MANION, Circuit Judges, and SKINNER, District Judge.*

---

* Hon. Walter Jay Skinner of the District of Massa-     chusetts is sitting by designation.

MANION, Circuit Judge.

Vanessa Menke commenced this action in the district court to confirm an arbitration award in the amount of $67,420 entered against her broker, Eric Monchecourt. Monchecourt intentionally evaded service of the summons, forcing Menke to use a private process server and an attorney. Service was eventually accomplished, and the district court confirmed the award. As part of its judgment, the court awarded Menke, as costs pursuant to Fed.R.Civ.P. 4(c)(2)(D), her out-of-pocket expenses in retaining the process server, but refused to include an award of the additional attorneys' fees Menke incurred as a result of Monchecourt's intentional evasion of service. The district court also refused Menke's request for additional attorneys' fees incurred in bringing the action for confirmation. Monchecourt appealed the district court's confirmation, and Menke cross-appealed the district court's denial of attorneys' fees. We dismissed Monchecourt's appeal pursuant to Fed.R.App.P. 42(b), and are now left with Menke's cross-appeal. For the following reasons, we affirm.

## I.

Vanessa Menke was a customer of Eric Monchecourt, a stock broker and executive vice-president of Power Securities Corporation ("Power"). Power was a member of the National Association of Securities Dealers (NASD), and Monchecourt was an "associated member" (as that term is used within the NASD) of Power. The present dispute arose over Monchecourt's unauthorized trade of certain penny stocks owned by Menke. The NASD Code of Arbitration requires that such disputes be submitted to arbitration, so Menke commenced an arbitration proceeding against Monchecourt and Power before the NASD in Chicago. The arbitration board awarded Menke $67,420, which included an award of $8,000 in attorneys' fees pursuant to the Illinois Consumer Fraud and Deceptive Trade Business Practices Act, 121½ Ill.Rev. Stat. ¶ 262 et seq.

Menke next commenced this action in the United States District Court for the Northern District of Illinois to confirm the arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Menke initially attempted to serve process on Monchecourt by first class mail in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). When Monchecourt did not return acknowledgement of service within 20 days, and after learning that Monchecourt would attempt to challenge the sufficiency of service, Menke, through her attorney, hired a private process server to personally serve Monchecourt with the summons and complaint. Monchecourt later challenged the sufficiency of service, but the district court, in its order dated August 6, 1992, found that Monchecourt had intentionally evaded service, and awarded Menke, pursuant to Fed.R.Civ.P. 4(c)(2)(D), her costs in attempting to personally serve Monchecourt. The court also ordered Menke to file her motion to confirm arbitration along with any supporting memorandum. In compliance with the court's order, Menke filed a memorandum requesting (apparently for the first time) that the court include attorneys' fees as part of its award of costs, and award the additional attorneys' fees incurred in bringing her action for confirmation.

In its order of December 17, 1992, the district court confirmed the NASD's award and entered judgment against Monchecourt in the amount of $67,420, together with judgment for recoverable costs in the amount of $1018.69—the amount Menke paid for the private process server. The court, however, did not include in its award of costs the attorneys' fees Menke incurred in obtaining personal service on Monchecourt. The court also denied Menke's request for attorneys' fees incurred in bringing the confirmation proceeding, noting that the Federal Arbitration Act did not expressly provide for an award of such fees.

Monchecourt filed notice of appeal from the district court's confirmation order. Menke later filed her cross-appeal. On March 22, 1993, this court, pursuant to Fed. R.App.P. 42(b), dismissed Monchecourt's appeal. Thus, we turn to the issues raised in Menke's cross-appeal.

## II.

*A. Attorneys' Fees under the Federal Arbitration Act*

We first address whether the district court erred in refusing to award attor-

neys' fees incurred by Menke in bringing this action for confirmation. Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 263–64, 95 S.Ct. 1612, 1616, 1624–25, 44 L.Ed.2d 141 (1975). We agree with the district court that there is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts. Thus, without Congressional authority, the district court had no power under the statute to award Menke any additional attorneys' fees she incurred in commencing this action for confirmation.

Menke contends we are focusing on the wrong statute. She points out that the arbitration panel awarded her attorneys' fees pursuant to the Illinois Consumer Fraud Act. She then observes that Illinois courts interpreting the Act have held it to authorize an additional award of attorneys' fees incurred in defending against an appeal. *See Cange v. Stotler and Co.,* 913 F.2d 1204, 1211 (7th Cir.1990) (relying on *Warren v. LeMay,* 142 Ill.App.3d 550, 96 Ill.Dec. 418, 491 N.E.2d 464 (1986)). We have noted that an award of appellate attorneys' fees in defending an appeal from a successful judgment under the Act is warranted because defending an appeal, like prosecuting the initial action at trial, "is a necessary prerequisite to recovery." *Cange,* 913 F.2d at 1211. Menke argues that, insofar as an action for confirmation, like an appeal, is a necessary prerequisite to recovering her arbitration award, she too is entitled to an additional award for attorneys' fees she incurred in commencing this confirmation proceeding.

This comparison between a confirmation proceeding and an appeal ignores the district court's very limited role in a confirmation action brought under the Federal Arbitration Act. Unlike the usual civil appeal, where the successful party is usually defending the lower court's decision on the merits, an action for confirmation under 9 U.S.C. § 9 is intended to be a summary proceeding that merely makes the arbitrators' award a final,

enforceable judgment of the court. *See Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir.1986) (citations omitted). In fact, section 9 of the Act specifically states that the district court *must* confirm the award unless it finds that the award should be vacated, modified, or corrected pursuant only to specifically enumerated grounds in 9 U.S.C. §§ 10, 11. *See* 9 U.S.C. § 9; *see also Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986) (confirmation under the FAA is intended to be summary and can only be denied if award is corrected, vacated, or modified in accordance with the Federal Arbitration Act). The grounds given for vacating or modifying the arbitrators' award are limited solely to instances where the award was obtained through fraud or other misconduct, *see* 9 U.S.C. § 10(a)(1)–(5), or the award is miscalculated, based on a matter not submitted before the board, or is otherwise imperfect in form. *See* 9 U.S.C. § 11(a)–(c). The upshot of all this is that, notwithstanding any comparisons between taking an appeal and pursuing an action for confirmation, there is nothing in the Federal Arbitration Act itself that would authorize a district court to go beyond confirming an arbitrators' award and independently award additional attorneys' fees. In fact, since the Act "makes no provision for taking of evidence on an issue such as attorneys' fees, ... the court [would be] powerless to receive evidence concerning attorneys' fees and award an[y] amount it would find appropriate." *See Raytheon Co. v. Computer Distrib., Inc.,* 632 F.Supp. 553, 560 (D.Mass. 1986). Therefore, the district court was correct in refusing to bootstrap the Illinois Consumer Fraud Act's attorneys' fees provision into section 9 of the Federal Arbitration Act.

Moreover, we note that the Fifth Circuit, in *Schlobohm v. Pepperidge Farm, Inc.,* 806 F.2d 578 (5th Cir.1986), has suggested that for a district court to include an additional award of attorneys' fees would "judicialize" the arbitration process and constitute an unauthorized modification of the arbitrators' award. In that case, a dispute arose over the termination of a Pepperidge Farm franchise. The matter was submitted to an arbitration panel, which awarded Schlobohm the fair market value of the franchise; the panel,

however, did not award or even address the issue of attorneys' fees. Schlobohm commenced a confirmation action in the district court pursuant to Section 9 of the Federal Arbitration Act. He also asked the court for attorneys' fees pursuant to a state statute relating to civil litigation. The district court confirmed the judgment and awarded attorneys' fees incurred both in arbitration as well as in the confirmation action.

Pepperidge Farm argued before the Fifth Circuit that the district court had no authority to award attorneys' fees in a confirmation proceeding under the Federal Arbitration Act. Essentially, Pepperidge Farm argued that because none of the narrow circumstances allowing modification or correction of an arbitration award as provided in 9 U.S.C. §§ 10, 11 were present in this case, the court's award of attorneys' fees was tantamount to an unwarranted modification. The Fifth Circuit disagreed, noting that since the only issue submitted before the arbitration panel was the fair market value of the franchise, the district court was free to consider Schlobohm's entitlement to an award of attorneys' fees under the state statute, because such an award would not impermissibly modify the arbitrators' decision. *See id.* at 581. The Fifth Circuit, however, pointed out that a different situation would arise had the arbitration agreement provided that "any dispute arising from the contract" would be submitted to arbitration, because:

a strong case could be made that any award of attorneys' fees ... was necessarily submitted to the arbitrators and a district court that made such an award would be impermissibly modifying the arbitrators' decision. In such circumstances, where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief would be inconsistent with the

language and policy of the Federal Arbitration Act.

*Id.* at 581 (citation omitted).

This is just such a case. By virtue of § 12(a) of the NASD Code of Arbitration,[1] Menke's entire dispute, including the award of attorneys' fees, was submitted to arbitration before the NASD. Any doubts about this are dispelled by a review of the arbitrators' award which, in addition to awarding Menke $59,420 in compensatory, punitive damages, as well as costs, awarded her $8,000 in attorneys' fees pursuant to the Illinois Consumer Fraud Act. Thus, in confirming Menke's award, the district court was not free to consider whether an additional award of attorneys' fees would be appropriate. Had it done so, the district court, according to *Schlobohm*, would have essentially made an unwarranted modification of the arbitrators' award inconsistent with its limited review under the Federal Arbitration Act. Therefore, we conclude that district court was correct in not adding into its confirmation judgment any additional attorneys' fees Menke incurred in bringing this action.

*B. Attorneys' Fees as Recoverable Costs*

■ Menke also challenges the district court's failure to include as part of her recoverable costs pursuant to Fed.R.Civ.P. 4(c)(2)(D) the attorneys' fees she incurred in obtaining service upon Monchecourt. Rule 4(c)(2)(D) provides:

Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

Fed.R.Civ.P. 4(c)(2)(D). The rule itself does not expressly provide for an award of attorneys' fees as part of the costs of obtaining personal service upon an evasive defendant. Menke, however, relies upon the decisions of two district courts, *Andrews v. Pediatric*

---

1. Section 12(a) provides in full:
   Any dispute, claim, or controversy eligible for submission under Part I of this Code between a customer and a member and/or associated person arising in connection with the business of

such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon demand of the customer.

*Surgical Group, P.C.,* 138 F.R.D. 611 (N.D.Ga.1991), and *Premier Bank, Nat'l Ass'n v. Ward,* 129 F.R.D. 500 (M.D.La. 1990), as well as some passing dicta from the Third Circuit in *Green v. Humphrey Elevator and Truck Co.,* 816 F.2d 877 (3d Cir. 1987), which have held—or, in the case of *Green,* suggested—that attorneys' fees are "costs of personal service" under Rule 4(c)(2)(D).

We turn to examine the decision in *Premier Bank,* as that decision provided the most discussion on the subject.[2] In that case, the plaintiff attempted to serve process by first class mail. When the defendant refused to acknowledge service of process within 20 days, plaintiff was forced to rely upon a private process server to obtain service. Plaintiff filed a motion pursuant to Rule 4(c)(2)(D) to recover, as the costs of personally serving defendant, its expenses in hiring a process server as well the additional attorneys' fees incurred in attempting to obtain personal service. Noting the lack of reported authority on the issue, the district court went directly to the legislative history behind Rule 4(c)(2)(D), in which Congress stated:

> The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense.

*Premier Bank,* 129 F.R.D. at 502 (quoting H.R. 7154, 97th Cong., 2d Sess., section-by-section analysis, § 2, 8 (1982)). With this in hand, the district court held that attorneys' fees are recoverable as part of the costs of personal service under Rule 4(c)(2)(D). This conclusion, according to the district court, would "encourage defendants to acknowledge mail service, make the service by mail provision of Rule 4 work better, and effectuate the

policies behind the rule." *Id.* The court assured prospective defendants that not every defendant who fails to acknowledge service by mail will be sanctioned with attorneys' fees; only those who are unable to establish "good cause" under the Rule for failure to acknowledge service by mail. *Id.*

We find this reasoning unconvincing. First of all, judicially amending the Federal Rules of Civil Procedure to provide for attorneys' fees is wholly inappropriate where Congress has adequately demonstrated its ability to expressly provide for such an award when and if it should see fit. *See, e.g.,* Rules 11, 16(f), 26(g), 30(g), 37(a)(4), 37(b), 37(c), and 37(d) (in each instance, the phrase "including attorneys' fees" follows any other language awarding costs or expenses). Secondly, we note that, contrary to the assurances given in *Premier Bank,* the reasoning in that case would indeed make every defendant who is liable for costs under Rule 4(c)(2)(D) automatically liable for attorneys' fees. As stated earlier, a plaintiff can only recover the costs of personal service under the Rule when a defendant cannot demonstrate "good cause" for his failure to acknowledge service. If the defendant is found liable for costs because he was unable to show good cause, how then could he ever turn around and show sufficient "good cause" to avoid liability for attorneys' fees? We conclude that it is better left to Congress, and not the courts through piecemeal decisions, to amend Rule 4(c)(2)(D) should it find that attorneys' fees are necessary to spur recalcitrant defendants into returning service of process. *Cf. Report of the Committee on Federal Courts of the New York State Bar Association on Service of Process by Mail Pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure,* 116 F.R.D. 169, 178 (1987) (recommending that Congress amend Rule 4(c)(2)(D) so as to expressly provide for attorneys' fees as part of the costs of personal service). Therefore, we conclude that Rule

---

**2.** The district court in *Andrews* merely adopted, without adding any independent discussion, the reasoning in *Premier Bank* in its holding that costs of personal service under Rule 4(c)(2)(D) includes attorneys' fees. *See Andrews,* 138 F.R.D. at 613. The Third Circuit in *Green* merely asserted that "developing case law suggests that defendants may not openly and with impunity

flout the procedural requirements of Rule 4(c)(2)(C)(ii)," *Green,* 816 F.2d at 883, but backed up its pronouncement with only a citation to an unreported district court decision. *Id.* (citing *C.I.T. Leasing Corp. v. Manth Machine & Tool Corp.,* CIV–85–261C (W.D.N.Y. Sept. 3, 1985)).

4(c)(2)(D), as written, does not provide for attorneys' fees as part of the costs of personal service, and, accordingly, affirm the district court's refusal to award them here.

### III.   Conclusion

Neither the Federal Arbitration Act nor Rule 4(c)(2)(D) provide Menke a legal basis for an award of additional attorneys' fees. Accordingly, the judgment of the district court is AFFIRMED.