DOUBLE "S" TRUCK LINE, INC., Plaintiff,

v.

FROZEN FOOD EXPRESS d/b/a FFE Transportation, Defendant.

No. Civ. 4–96–406 (JRT/RLE).

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 15, 1997.

---

Paul O. Taylor, Savage, MN, for Plaintiff.

A. James Dickinson, St. Paul, MN, for Defendant.

## MEMORANDUM ORDER

RAYMOND L. ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Motion of the Plaintiff to Impose Costs of Service.

A Hearing on the Motion was conducted on January 2, 1997, at which time the Plaintiff appeared by Paul O. Taylor, Esq., and the Defendant appeared by A. James Dickinson, Esq.

For reasons which follow, we grant the Plaintiff's Motion, and we direct an award of costs in the amount of $1,277.51.

### II. *Factual and Procedural History*

This matter was initiated on May 10, 1996, by the filing of a Complaint with the Clerk of Court. On May 23, 1996, counsel for the Plaintiff mailed an original and duplicate copy of a "Notice of Lawsuit and Request for Waiver of Service," a copy of the Complaint in this action, and a self-addressed envelope (collectively, the "Request for Waiver"), to the Defendant's agent for service of process within the State of Minnesota. On June 25, 1996, having received no response from the Defendant, counsel for the Plaintiff personally served the Summons and Complaint upon the Defendant's agent.

By letter dated October 1, 1996, counsel for the Plaintiff requested reimbursement for the costs incurred in obtaining personal service, based upon the Defendant's refusal to acknowledge the Plaintiff's Request for Waiver. On November 20, 1996, the Defendant advised the Plaintiff that, absent a Court Order, it would not pay the cost of service. *Affidavit of Paul O. Taylor,* at 8. As a result, the Plaintiff filed this Motion on November 26, 1996, in which it seeks an award of the fees incurred for arranging personal service, as well as the attorneys fees that were incurred in the filing of this Motion.

### III. *Discussion*

A. *Standard of Review.* As here pertinent, Rule 4(d)(2) of the Federal Rules of Civil Procedure, provides as follows:

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

According to the Rule's legislative history, "[t]he purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay," and "[f]airness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense." *Premier Bank, Nat. Ass'n v. Ward,* 129 F.R.D. 500, 502 (M.D.La.1990), quoting H.R. 7154, 97th Cong., 2d Sess., Section 2, at 8.

B. *Legal Analysis.* In opposition to the Motion, the Defendant first argued that it never received the Plaintiff's Request for Waiver. To support this assertion, counsel for the Defendant advised that his investigation "failed to produce any evidence whatsoever of Plaintiff's having attempted any service by mail and I have been unable to obtain any evidence supporting the allegation that there was a waiver tendered or serviced ever attempted by mail under the rules." *Affidavit of Jack L. Coke, Jr.*

Although good cause to avoid an award of fees and costs will exist "if the defendant did not receive the request," *1993 Advisory Committee Notes to Rule 4,* here, the Plaintiff has submitted an Affidavit of Howard Markus ("Markus"), who is the President of Associated Transportation Consultants, Inc.—the Defendant's agent for service of process—in which Markus avers that he received the Plaintiff's Request for Waiver on May 28, 1996. Indeed, Marcus attests that, on the same date that it was received, he mailed the Request to the Defendant, using an address that he had secured from the National Resident Agents for Service Directory. *Affidavit of Howard Markus,* at ¶ 4. Apparently, the Service Directory listed an inaccurate address for the Defendant, since the documents were later returned undelivered. *Id.* at ¶ 6. By calling the Directory's publisher, however, Markus obtained the correct address and, on June 5, 1996, he resent the Plaintiff's Request to the Defendant. *Id.* at ¶ 7. An attachment to the Affidavit reflects that the Defendant received the Request on June 10, 1996.[1] *Receipt of Certified Mail,* attached as *Exhibit A to Affidavit of Howard Markus.*

■ Now, faced with Markus' Affidavit, which establishes that the Defendant's agent received the Request for Waiver on May 28, 1996, the Defendant contends that good cause exists to excuse its failure to waive service, because it did not actually receive the Plaintiff's Request until June 10, 1996. We are not persuaded. Without question, a party is responsible for ensuring that its agent for service maintains an accurate mailing address. Accordingly, the Defendant's assertion that it should not be held accountable for the delay which resulted because its agent did not have a proper address is unconvincing. More importantly, the Defendant ignored the Plaintiff's effort in avoiding the costs of personal service throughout the 15–day interval, between its receipt of the Request for Waiver and the Plaintiff's formal service of process. Again, a telephone call to the Plaintiff's attorney would have obviated the Plaintiff's felt need to formally serve its Summons and Complaint, as well as its Motion for costs and expenses.

■ The Defendant's remaining contentions—namely, that the Motion is premature, and that, in any event, Rule 4(d) does not contemplate an award of attorney's fees—are wholly without merit. As to timeliness, the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit. *1993 Advisory Committee Notes to Rule 4* ("It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction."). With respect to an award of attorneys' fees, Rule 4(d)(5) expressly provides that recoverable costs

---

1. As we related at the Hearing in this matter, notwithstanding defense counsel's representation, that his investigation "failed to produce any evidence," concerning the Defendant's receipt of the Request for Waiver, we find it remarkable that such an investigation did not include a simple telephone inquiry to his client's agent for service of process, which would have revealed that the Request had been received on May 28, 1996. Notably, defense counsel has not particularized the extent of his investigation, other than to assert that an "investigation" occurred.

shall include "the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service." *Rule 4(d)(5), Federal Rules of Civil Procedure.* According to the Advisory Committee Notes, "[i]n the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff." *1993 Advisory Committee Notes to Rule 4.* Moreover, the case relied upon by the Defendant—*Menke v. Monchecourt,* 17 F.3d 1007 (7th Cir.1994)—is inapposite since it involves the pre-amendment language of the Rule, which did not expressly provide for the recovery of attorney's fees.

█ Finding no merit to the Defendant's attempt to stave an award of fees and costs, we turn to the amount of reasonable fees and costs that should be awarded. At the Hearing in this Matter, we directed counsel for the Plaintiff to submit an itemized statement of the costs and fees that he incurred in the preparation and presentation of this Motion.[2] We have reviewed the Plaintiff's documentation, and we find that the $150.00 hourly fee, which Plaintiff's counsel has charged his client, is reasonable for the work that has served as the basis for the fee request. We further find that the number of hours, which counsel expended in prosecuting this Motion, required a slight reduction which, no doubt, was attributable to the apparent practice of Plaintiff's counsel to bill in quarter-hour increments. Viewing the work involved as a whole, we conclude that 8 hours of effort would have been appropriate and, at an hourly fee of $150.00, a total attorney's fee award of $1,200.00 is reasonable. To this amount, we add the costs involved in bringing this Motion ($37.51), and the costs of effectuating personal service ($40.00),[3] which produces a total award of $ 1,277.51.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion to Impose Costs of Service [Docket No. 13] is GRANTED.

2. That, within 15 days from the date of this Order, the Defendant shall remit to the Plaintiff the sum of $1,277.51.

---

**2.** Although an opportunity was extended, the Defendant declined our invitation to submit any materials in opposition to the Plaintiff's itemization of fees and costs.

**3.** As to the cost of arranging personal service, counsel for the Plaintiff advised, during the course of the Hearing, that he would accept reimbursement at an average market rate for a commercial process server, which, the parties have stipulated, is $40.00.