STATE OF MAINE

YORK, ss.

DONAL and LISA HARKIN,

Plaintiffs

v.

G. W. SARGENT-BUILDER, INC.,
et al.,

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-233

ORDER
AND
DECISION

Donal Harkin and Lisa Harkin contracted for the purchase and installation of a manufactured home on their land in South Berwick. The home was manufactured by Westchester Modular Homes, Inc. and installed by G. W. Sargent-Builder, Inc. After an extensive list of problems developed suit was initially brought against Westchester, Sargent and George Sargent individually. Included among the counts was an unfair trade practices claim in Count V which, if established, would lead to an award of attorney's fees. 5 M.R.S.A. §§ 207 and 213(2).

Defendant Westchester filed an application to compel arbitration. That request referred to a warranty application and the warranty between the Harkins and Westchester. The warranty included an arbitration provision requiring arbitration of "Any and all claims, disputes and controversies ..." and included a provision that, "The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the provisions of the Federal Arbitration Act, (9 U.S.C. § 1, et seq.) ... to the exclusion of any different or inconsistent state or local law...." The application to compel arbitration was granted as to the claim against Westchester. An amended complaint has been filed which added additional counts and continued to

seek attorney's fees. That was followed by a second amended complaint, which added a number of sub-contractors as defendants. The claim for attorney's fees remained.

Arbitration was held through the agreed to Construction Arbitration Services, Inc. and an award to the Harkins against Westchester was made on January 18, 2005. The arbitrator in his award noted that the plaintiffs had demanded $113,321.00. He awarded $43,241.00 plus administrative costs. The award concluded with the statement, "This constitutes my complete **AWARD** as to the items submitted to me for determination."

The plaintiffs moved for confirmation of the award and requested leave to file a request for reasonable attorney's fees. This Court confirmed the award and allowed the plaintiffs to file an affidavit for reasonable attorney's fees. The issues in dispute are whether attorney's fees can be awarded and the amount of any attorney's fees, costs or interest.

After a review of the written arguments and precedents and following oral argument, I have concluded that, while the plaintiffs would need an award of attorney's fees to make them whole, they are not entitled to them as such award is not permissible by law.

The arbitration provisions required the arbitration of "any and all claims, disputes and controversies." This court ordered that the complaint against Westchester be submitted to arbitration pursuant to the Federal Arbitration Act and the provisions of the agreement of the parties. The plaintiffs requested that the arbitrator award attorney's fees. The arbitrator had the power to award attorney's fees, was asked to and made an award, which neither expressly included nor rejected attorney's fees. It is likely that attorney's fees were not awarded. While the total amount of the award is known with certainty its component parts were not specified.

2

The most recent and best case that deals with the issue of whether a judge can add attorney's fees to an arbitration award is *Menke v. Monchecourt*, 17 F. 3d 1007 (7th Cir. 1994). Ms. Menke was a customer of the defendant stockbroker and challenged his unauthorized trading in securities in an arbitration proceeding. The arbitration board awarded damages, which included $8,000 in attorney's fees under an Illinois consumer protection statute. When Ms. Menke sought confirmation of the award in the federal district court in Chicago she also sought additional attorney's fees. The District Court rejected that request and an appeal followed.

The Court of Appeals concluded that there is nothing in the Federal Arbitration Act which provides attorney's fees to a party who was successful in obtaining confirmation of the award. See 1009. The Court went on to analyze the provisions of the federal act, 9 U.S.C. §§ 1-et seq. and stated "The upshot of all this is that, notwithstanding any comparisons between taking an appeal and pursuing an action for confirmation, there is nothing in the Federal Arbitration Act itself that would authorize a district court to go beyond confirming an arbitrator's award and independently award additional attorney's fees." At 1009.

As the entire dispute was subject to arbitration the Court of Appeals determined that it was not free, as part of the confirmation of an award, to add attorney's fees. See *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580 (5th Cir. 1986) for a case where attorney's fees could be awarded because "The parties here did not agree to submit to arbitration the entire dispute arising from the contract." In our case it will be assumed that no attorney's fees were awarded. The fact that in *Menke* some fees were awarded and more were sought is of no consequence. The point in *Menke* is that courts are not free to add attorney's fees to the award as part of a judgment confirming the award. To

do so would be to modify the award beyond the limited areas where modification is permitted by 9 U.S.C. § 11.

The plaintiffs have argued that the case of *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 1 (1ˢᵗ Cir. 1988) would allow attorney's fees to be added by the court as part of a confirmation proceeding. That case examined the relationship of state and federal laws in the context of a procedural order to require that two arbitrations be consolidated. *New England Energy* does not address attorney's fees or the ability of court's to modify awards pursuant to 9 U.S.C. § 11.

Westchester has also objected to the taxation of costs and allowance of interest. It is correct that the plaintiffs should not recover the $1,495.67 in expert witness fees that they sought pursuant to 14 M.R.S.A. §1502-C(1) and 16 M.R.S.A. § 251 because the arbitration was not a trial in one of the courts listed in Section 251. The objection is otherwise denied and the remaining costs and interest are allowed.

The entry is:

Plaintiffs' request for an award of attorney's fees is denied.

Costs in the amount of $940.56 are awarded with interest awarded at the statutory rates. Defendant Westchester's motion to amend judgment is dismissed as moot.


Dated:        May 18, 2005


                                                                Paul A. Fritzsche
                                                                Justice, Superior Court

Thomas Marjerison, Esq. - Pls
Steven Cope, Esq. - Def. Westchester Modular Homes, Inc.
Humphrey H. N. Johnson, Esq. - Def. Steven Merrell d/b/a Little Wheel Excavating
John F. Barnicle, Esq. - Defs. Kevin Whitney & Mod-Set, Inc.
Roger Therriault, Esq. & Robert Hoy, Esq. - Defs. G. W. Sargent-Builder, Inc. & George W. Sargen
James Whittemore, Esq. - Def. Donald Thiboutot d/b/a D&D Builders
Charles W. Smith, Jr., Esq. - Def. Derrick Huff d/b/a Huff Foundation

4