NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2045
_____

DAVISON DESIGN & DEVELOPMENT INC.

v.

BETTY FRISON,

*Appellant*
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cv-01468)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted under Third Circuit LAR 34.1(a)
June 30, 2020

Before:  KRAUSE, PHIPPS, and GREENBERG, *Circuit Judges*.

(Filed: August 11, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

This case concerns a party's ability to recover attorneys' fees against an opposing party that unsuccessfully challenged an arbitration award. Here, Betty Frison invented a product related to hair weaving, and she entered an agreement with Davison Design to promote her product. The agreement required that the parties arbitrate any dispute, and after believing that Davison Design mispresented the financial gain that she would realize from the product, Frison initiated arbitration against Davison Design. There, she pursued a claim under the American Inventors Protection Act, *see* 35 U.S.C. § 297, and she received an award of over $13,000 in damages and $10,000 in attorneys' fees. Davison Design then filed an application in federal court under Sections 10 and 11 of the Federal Arbitration Act, *see* 9 U.S.C. §§ 10-11, to vacate or modify the award. The District Court denied Davison Design's application, and Frison sought additional attorneys' fees for successfully upholding the arbitration award. The District Court rejected that request, and Frison now appeals that denial of attorneys' fees.

In exercising jurisdiction over that final order, *see* 28 U.S.C. § 1291, and in reviewing the District Court's denial of attorneys' fees for an abuse discretion, *see P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006), we find no error and will affirm that judgment.

Under the 'American Rule,' each party bears its own attorneys' fees unless a statute or contract provides otherwise. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010). Consistent with that rule, Frison argues that the attorneys'

2

fees provision of American Inventors Protection Act, *see* 35 U.S.C. § 297(b), entitles her to fees for upholding the arbitration award. That argument does not lack intuitive appeal: had this dispute been litigated in District Court and resolved in Frison's favor, it may be that Frison could recover attorneys' fees for successfully defending that judgment on appeal. And if so, then should not the Act permit attorneys' fees for defending a favorable arbitration award in the District Court? But that reasoning rests on an assumed equivalence between defending a trial court judgment on appeal and defending an arbitration award in District Court. While similarities exist between the two, they are not identical, and under the American Rule, Frison needs a basis in statute or contract to recover fees for successfully defending the arbitration award.

The fee-shifting provision of the American Inventors Protection Act does not fill that void. It allows recovery of attorneys' fees "in a civil action against the invention promoter." 35 U.S.C. § 297(b). But this action was brought by the invention promoter not under the American Inventors Protection Act for damages but under the Federal Arbitration Act to vacate or modify an arbitration award. *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) ("[T]here is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts.").

Without a valid statutory or contractual right to additional attorneys' fees in this context, the District Court did not err in denying Frison's request.