**Affirmed as Modified and Opinion filed October 31, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00720-CV

---

**CPM OF AMERICA, LLC, Appellant**

**V.**

**ROBERTO GONZALEZ, Appellee**

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2018-34883**

---

### OPINION

Three issues are presented in this appeal: the first two challenge the confirmation of an arbitration award, and the third challenges the trial court's decision to grant additional attorney's fees expended in pursuit of the award's enforcement. We overrule the first two issues and affirm the portion of the trial court's judgment confirming the award. But we sustain the third issue, modify the judgment to delete the award of additional attorney's fees, and affirm the judgment as so modified.

# BACKGROUND

Roberto Gonzalez purchased a home from CPM of America, LLC. The home was newly constructed and covered by a written warranty.

Shortly after the purchase, Gonzalez discovered many problems with the home, including leaking pipes and other water-related issues. Gonzalez made written claims on the warranty. When those claims went unresolved, Gonzalez submitted them to arbitration, pursuant to a clause under the warranty. He also filed a petition in the trial court against CPM and two individuals, alleging that CPM had fraudulently transferred property to the individuals to thwart the collection of any arbitration award.

During the arbitration proceeding, Gonzalez presented one claim for breach of warranty, and a second claim for violating the DTPA. The arbitrator made findings in favor of Gonzalez on both of his claims and awarded him more than $121,000 in damages, costs, and attorney's fees. The arbitrator also ordered CPM to pay Gonzalez within thirty days of the award.

Following the expiration of that thirty days, Gonzalez filed an amended petition in the trial court, alleging that CPM had not complied with the award. Gonzalez sought confirmation of the award, plus an additional amount of attorney's fees arising out of the enforcement of the award.

Gonzalez moved for a partial summary judgment on his confirmation application and on his request for an additional amount of attorney's fees, which he calculated at $3,179. CPM filed a response, but the trial court granted Gonzalez's motion.

The remaining claims for fraudulent transfer eventually proceeded to a trial by jury, but the parties settled those claims after the jury was empaneled. The parties

agreed to a final judgment that confirmed the arbitration award, and they further agreed that the award of attorney's fees arising out of the motion for partial summary judgment should be increased by $50,000, for a total of $53,179. Notwithstanding these agreements, the parties stipulated that CPM could appeal the trial court's ruling on the motion for partial summary judgment, including the award of post-arbitration attorney's fees.

## ANALYSIS

CPM raises three issues on appeal, and consistent with the parties' agreement, all of those issues challenge the trial court's ruling on the motion for partial summary judgment. CPM contends that the ruling was erroneous because (1) Gonzalez did not establish his entitlement to summary judgment, (2) the arbitrator exceeded his authority by making a monetary award, and (3) Gonzalez was not entitled to the award of post-arbitration attorney's fees. We examine each of these issues in turn.

## I.    Entitlement to Summary Judgment

A motion for summary judgment is not required for a trial court to confirm an arbitration award, but when a party chooses to pursue confirmation of the award through summary judgment proceedings rather than through the motion procedure provided by the FAA, which governed here, the movant assumes the traditional burdens of summary judgment practice. *See Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 442–43 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, as the movant below, Gonzalez was required to show that he was entitled to judgment as a matter of law and that there were no genuine issues of material fact. *See* Tex. R. Civ. P. 166a(c).

3

Gonzalez argued in his motion that that the arbitration award should be confirmed. And in support of that argument, Gonzalez attached to his motion an affidavit from the arbitrator and a copy of the arbitration award.

CPM did not challenge the evidence produced by Gonzalez or otherwise suggest that a fact issue precluded summary judgment. However, CPM filed a response to the motion and argued that summary judgment would be improper for two legal reasons. First, CPM argued that an "as is" clause in the purchase contract defeated each of the claims that Gonzalez had presented to the arbitrator. And second, CPM argued that Gonzalez had failed to negate all bases for vacating the arbitration award.

CPM repeats these same arguments in its appellant's brief, but neither of them has any merit.

In its first argument concerning the "as is" clause, CPM contends that the arbitrator granted relief that was precluded by law. But even if the arbitrator made such a mistake—which is an issue we need not decide—an arbitration award governed by the FAA cannot be set aside on the basis that the arbitrator made a mistake of law. *See Casa Del Mar Ass'n, Inc. v. Williams & Thomas, L.P.*, 476 S.W.3d 96, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("If Casa del Mar sought to vacate the award under the Federal Act, then the trial court did not err in denying the motion to vacate because neither gross mistake nor manifest disregard of the law is listed in the Federal Act as a basis for vacating an arbitration award, and the grounds stated in the statute are the exclusive grounds for vacating arbitration awards under the Federal Act."); *see also* 9 U.S.C. § 10(a) (providing the grounds for vacating an award under the FAA without mentioning a mistake of law); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) (holding that these statutory grounds are exclusive).

4

CPM's second argument is founded on a misstatement of law. Relying entirely on *Mariner Financial Group, Inc. v. Bossley*, 79 S.W.3d 30 (Tex. 2002), CPM asserts that, as the party moving for summary judgment below, Gonzalez had the burden of negating every possible basis for vacating an arbitration award available under the FAA. But *Bossley* does not impose such a sweeping or comprehensive burden. That case merely held that the movants for a traditional summary judgment had the burden of negating a single statutory basis for vacating an arbitration award (evident partiality) where the party opposing the award had previously filed a motion to vacate asserting that same basis. *Id.* at 32.

At the time that the trial court here ruled on the motion for partial summary judgment, CPM had not pleaded any grounds for vacating the arbitration award, nor had CPM attached any evidence to its response raising a ground for vacating the arbitration award. Accordingly, Gonzalez had no burden to negate any of the statutory grounds for vacating an arbitration award under the FAA.

## II.    Monetary Award

The written warranty contained an arbitration clause, which provided that if the arbitrator ever made an award in favor of a homeowner, then the builder (or insurer, if applicable) must either complete any repair awarded or pay the homeowner for the cost of the repair. One provision further stated that "under no circumstance will any independent Arbitrator be allowed to create, establish, or fix a monetary sum as an award to any arbitrating party unless this is expressly agreed to by all of the arbitrating parties and the Builder or Insurer (as applicable)."

Citing that provision, CPM now argues that the trial court erred by granting the partial summary judgment because the arbitrator exceeded his authority by awarding Gonzalez a monetary sum. This argument fails for at least two reasons.

5

First, CPM did not assert this argument in its response to the motion for partial summary judgment. The trial court's judgment cannot be reversed now on this newly asserted ground. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Second, even if we assumed for the sake of argument that CPM had raised such a challenge in its response, we presume that the arbitrator acted within his authority, which means that the burden fell on CPM as the party opposing the award to show the opposite. *See Barton v. Fashion Glass & Mirror, Ltd.*, 321 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("We broadly construe arbitration agreements, and the burden is on the party challenging the award to prove the arbitrator acted outside his authority. There is a presumption that the arbitrator's actions were within his authority, and we resolve all doubts in favor of the award."). CPM suggests in its brief that it satisfied this burden because the arbitrator made a monetary award in favor of Gonzalez, but that award, by itself, does not demonstrate that the arbitrator acted outside his authority because the arbitration clause permitted such awards when the parties agreed. CPM never asserted in the trial court, or in this court, that the parties lacked such an agreement. And because this issue was not raised in its response, CPM has also failed to present any evidence regarding a lack of agreement. Accordingly, CPM has not satisfied its burden of showing that the arbitrator acted outside of his authority.

## III. Post-Arbitration Attorney's Fees

In his motion for partial summary judgment, Gonzalez sought additional attorney's fees for having to enforce and confirm the arbitrator's award because CPM did not pay that award within thirty days, as the arbitrator had ordered. CPM argued in its response to that motion that the additional fees were not recoverable as

6

a matter of law. The trial court implicitly disagreed with CPM and granted Gonzalez his requested relief. CPM now challenges that ruling in his final issue.

Attorney's fees are normally committed to the trial court's discretion, and we will not reverse an award of such fees absent a clear abuse of that discretion. *See Wash. Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 775 (Tex. App.— Houston [14th Dist.] 2013, pet. denied).

The general rule in this state—and throughout all of the states—is that a party may not recover attorney's fees from an opponent unless so authorized by a statute or contract. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006) (describing this rule as "the American Rule" and stating that it is "ubiquitous in American courts").

The FAA does not provide any statutory authority for an award of attorney's fees. And while the contract between the parties here authorizes an award of attorney's fees for enforcing the arbitration "agreement," there is no similar provision for enforcing an arbitration "award." Thus, without some statutory or contractual authority, CPM argues that the trial court abused its discretion by granting any additional amount of attorney's fees to Gonzalez.

Gonzalez responds with authority out of the Fifth Circuit, which recognizes that "an award of attorneys' fees is permitted when a party has refused to abide by an arbitration decision without justification." *See Bruce Hardwood Floors, Div. of Triangle Pac. Corp. v. UBC, S. Council of Indus. Workers, Local Union No. 2713*, 103 F.3d 449, 453 (5th Cir. 1997).

Other federal circuits have the same rule. *See, e.g.*, *Trustees of N.Y. State Nurses Ass'n Pension Plan v. White Oak Global Advisors, LLC*, 102 F.4th 572, 614– 15 (2d Cir. 2024) ("As applied to the enforcement of arbitration awards, the guiding

7

principle has been that when a challenger refuses to abide by an arbitrator's decision without justification, a court may award attorney's fees and costs."); *Local No. 149 Int'l Union, UAW v. Am. Brake Shoe Co.*, 298 F.2d 212, 216 (4th Cir. 1962) ("In an appropriate case attorney's fees should be awarded against a party who, without justification, refuses to abide by the award of an arbitrator."); *UAW v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam) ("A court may assess attorney fees against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees.").

Some of these circuits explain that the rule is consistent with *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975), in which the United States Supreme Court recognized the "inherent power" of courts to award attorney's fees in certain situations outside of the American Rule, such as when a party has willfully disobeyed a court order, or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989) (holding that the rule announced in *American Brake Shoe*, a pre-*Alyeska* decision, nevertheless fell within the exception described in *Alyeska*); *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of Teamsters*, 989 F.2d 1077, 1084 (9th Cir. 1993) (stating that attorney's fees may be awarded against a party who refuses to abide by an arbitrator's award without justification because, citing *Alyeska*, that refusal equates to an act taken in bad faith, vexatiously, or for oppressive reasons); *Fabricut, Inc. v. Tulsa Gen. Drivers, Warehousemen & Helpers, Local 523*, 597 F.2d 227, 230 (10th Cir. 1979) (same).

But at least one federal circuit has held that a district was not free to consider a post-arbitration award of attorney's fees. *See Menke v. Monchecourt*, 17 F.3d 1007,

1009–10 (7th Cir. 1994) (explaining that such an award would be an unwarranted modification of the arbitrator's decision). That court did not discuss the exception followed by the other federal circuits, though it did include a general citation to *Alyeska*. *Id.* at 1009.

There is a more defined split among the Texas courts of appeals. In *Stage Stores, Inc. v. Gunnerson*, 477 S.W.3d 848 (Tex. App.—Houston [1st Dist.] 2015 no pet.), the First Court expressly followed the Fifth Circuit's rule—though that particular case involved a trial court's refusal to award additional attorney's fees, which the First Court upheld in a cross-appeal challenge for being not without merit or justification. *Id.* at 863–64. That case stands in contrast with *Acra v. Bonaudo*, No. 05-17-00451-CV, 2018 WL 3238133 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.), in which the Fifth Court declined to follow the same rule. *Id.* at *6–7 ("Regardless of how the federal courts may award attorney's fees or the strength of the public-policy arguments, Texas law does not allow recovery of attorney's fees unless authorized by statute or contract.").

Other courts, including ours, have held steadfast with the American Rule, without ever acknowledging any exception that would allow for a trial court to award additional attorney's fees on top of what an arbitrator had already provided. *See, e.g.*, *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 536–37 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding that a trial court had erred by awarding appellate fees where the arbitrator had awarded none); *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 235–36 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("Because the parties agreed to submit the issue of attorney's fees to arbitration, the trial court was precluded from interfering with the arbitrator's jurisdiction and impermissibly modifying his decision."); *Monday v. Cox*, 881

S.W.2d 381, 386 (Tex. App.—San Antonio 1994, writ denied) (upholding a trial court's refusal to award post-arbitration attorney's fees).

We continue to apply the American Rule and decline to follow the Fifth Circuit's rule. The Texas Supreme Court has very clearly stated that "absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." *See Tony Gullo Motors*, 212 S.W.3d at 311. The Fifth Circuit's rule cannot be squared with that precedent. Accordingly, we conclude that the trial court had no discretion to grant post-arbitration attorney's fees to Gonzalez on the ground that CPM's failure to abide by the arbitration award was without justification.

Gonzalez also makes an alternative argument. He contends that, even if the Fifth Circuit's rule did not apply, the trial court still had the discretion to award him additional attorney's fees under the purchase contract for the home. That purchase contract did not contain the parties' arbitration agreement, which was instead located in a separate written warranty. Nevertheless, Gonzalez relies on a clause in the purchase contract, which states that "a Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding."

Gonzalez has not cited to any Texas authority showing that this sort of clause for prevailing parties can be applied in the post-arbitration context. And our research has revealed one court that has already rejected such an application. *See Jones v. Carlos & Parnell, M.D., P.A.*, No. 05-17-00329-CV, 2017 WL 4930896, at *7 (Tex. App.—Dallas Oct. 31, 2017, pet. denied) (mem. op.). We find little reason to disagree with that court and conclude that the purchase contract did not authorize any award of post-arbitration attorney's fees.

## CONCLUSION

We modify the trial court's judgment by deleting the award of $53,179 in additional, post-arbitration attorney's fees, and we affirm the judgment as so modified.

/s/    Tracy Christopher
       Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.