**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, David G. Rall and R. E. Lee, Appellees,**

v.

**NORTHWEST AIRLINES, INC., Appellant.**

**No. 19541.**

United States Court of Appeals Eighth Circuit.

Sept. 9, 1969.

Henry Halladay, of Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for appellant. John M. Mason and David A. Ranheim, Minneapolis, Minn., were on the brief with Henry Halladay.

Edward M. Glennon, of Lindquist & Vennum, Minneapolis, Minn., for appellee. Kenneth F. Kirwin, Minneapolis, Minn., and Allen Gramza, Airline Pilots Association, International, Chicago, Ill., were on the brief with Edward M. Glennon.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an appeal by defendant Northwest Airlines, Inc., (NWA), from an October 11, 1968 judgment enforcing awards of the Northwest Airlines Pilots' System Board of Adjustment and awarding judgments to David G. Rall for $103,839.98 and to R. E. Lee for $128,821.68 as back pay as of August 21, 1968, with interest at 6% per annum from such date, and for costs and attorneys' fees and reinstating R. E. Lee in his employment with NWA.

This litigation arises out of the permanent discharge of Captain David G. Rall and copilot R. E. Lee for violation of company rules on a January 1, 1964, NWA flight. Captain Rall was discharged for violation of the rule prohibiting a pilot from using intoxicants within twenty-four hours of the commencement of a flight. Lee was discharged for acting as chief pilot on a flight with Rall, knowing Rall to be intoxicated.

NWA and the Air Line Pilots Association had entered into an agreement in compliance with 45 U.S.C.A. § 184 creating a Northwest Airlines Pilots' System Board of Adjustment to decide minor disputes arising under the terms of a working agreement between them.

In Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 8 Cir., 373 F.2d 136, cert. denied 389 U.S. 827, 88 S.Ct. 77, 19 L.Ed.2d 83, we affirmed the determination by the District Court that the award of the adjustment board determining Lee was entitled to be reinstated with back pay from May 1, 1964, and that Rall was entitled to be reinstated with back pay from November 1, 1964. We also upheld the trial court's determination that the adjustment board's award was not arbitrary and capricious and that the award was final and not subject to de novo review by the courts. The District Court's order which we affirmed provided that the awards were:

"subject, however, to the right of the respondent to limit, discharge, or terminate petitioner's employment based upon events occurring or conditions existing after their discharge by the respondent, and the Court reserves jurisdiction to determine whether the events occurring or conditions existing after the discharge of these petitioners affect their right of reinstatement or limit the amount of back pay due them under the System Board's orders, and reserves jurisdiction as to the question of attorneys' fees to be allowed petitioners as provided in Section 153 First (p) of the Railway Labor Act."

This case commences where the litigation considered on the prior appeal terminated. NWA has asserted and offered evidence directed to the issue that Rall and Lee by reason of events and conduct occurring subsequent to their discharge were not qualified to be re-employed as pilots for NWA. It is not contended that either petitioner suffered any physical deficiency which incapacitates him from flying NWA airplanes. It is conceded that both Rall and Lee had maintained their required pilots' licenses. NWA's contention is:

" * * * both of the petitioners have been and are suffering from deficiencies more subtle in character, more difficult to detect, more problematical to find, and more difficult to prove, than something as obvious as a heart condition. But nevertheless, it is Northwest's contention that both of the petitioners are suffering from some measure of character deficiency which incapacitates both of them from performing services and from receiving back pay for not performing services, which deficiencies in character

are as real as if each and both of them were suffering from some form of a physically crippling ailment."

This case was tried to Judge Nordbye without a jury. The court in its unreported opinion discusses the evidence relied upon by NWA and finds the evidence insufficient to establish any character, mental, intellectual or emotional deficiency arising subsequent to the discharge which would incapacitate either Rall or Lee from flying NWA airplanes. We have carefully examined the record and find that substantial evidentiary support exists for the trial court's findings with respect to the entitlement of both Rall and Lee to reinstatement and back pay. NWA has failed to establish such findings are clearly erroneous.

Captain Rall attained his sixtieth birthday on April 24, 1967, which is his retirement date and the date upon which his pension rights accrue. His back pay was computed to April 24, 1967, and no claim is made that he is entitled to restoration to active service. No error is claimed in the computation of Rall's back pay apart from the claim that he was not entitled to reinstatement as of the date fixed by the adjustment board.

The situation with respect to Lee is somewhat different. Lee has not reached his retirement age and is by the award and the decision of the trial court entitled to reinstatement in his employment. This does not mean, however, that NWA cannot require him to take additional necessary training before resuming flying or that it cannot subject him to further tests to determine his qualification for flight duty on planes currently operated by the company. NWA asserts it is in any event entitled to a new trial by reason of errors in excluding evidence and certain procedural errors.

Defendant offered the record made before the adjustment board and the flight clearance forms for the January 1, 1964, flight. Such exhibits were rejected. The trial court has a large discretion in ruling upon the admissibility of evidence and we doubt whether any error was committed in excluding the tendered exhibits. It is true, as defendant contends, that the board found Lee and Rall guilty of the rule violations charged. The board modified the penalty of permanent discharge imposed by NWA to a discharge for the period heretofore set out. Upon NWA's prior appeal, we held that the adjustment board's determinations in this respect were final and not reviewable.

The burden is upon the appellant to show that the asserted error in the admission or exclusion of evidence is prejudicial. No such showing is here made. Judge Nordbye had also presided in the prior trial and had in that case given detailed consideration to the adjustment board's records as a basis for determining that the adjustment board's findings were not arbitrary or capricious. The trial court states:

"However, the Court in prior hearings has heard and considered the testimony before the System Board with regard to the January 1, 1964, violations, and if it be urged that that testimony should be considered in weighing the alleged magnitude and gravity of the present charges of moral and character insufficiency, the Court finds that after giving full and complete consideration to the testimony of the January 1, 1964, incident in connection with the present record, these two petitioners are entitled to the relief which they seek herein."

Such statement is in effect a statement that a consideration of the excluded evidence would have no effect upon the result. We are satisfied that no prejudicial error was committed in excluding the tendered exhibits.

NWA further urges error was committed in excluding the personnel records of Lee. We have examined the voluminous personnel file tendered. Lee's employment commenced on July 17, 1948, and except for minor interruptions and minor disciplinary action was continuous up to the discharge resulting from the January 1, 1964, incident. NWA's ex-

pert witness, Dr. Phillips, who had examined the personnel records and the adjustment board records, stated that he had not received therefrom sufficient information to make a professional comment with respect to Lee's qualification as a pilot. At least evidence with respect to most of the information unfavorable to Lee in his personnel file was developed by testimony at the present trial. We are of the view that NWA has failed to demonstrate any prejudicial error was committed in rejecting the personnel file exhibit.

We find no reversible error in the trial court's refusal to order Lee to report to Pensacola, Florida, for an examination by Dr. Phillips. Lee had a current first class FAA physical certificate. We need not resolve the doubtful issue of whether good cause has been shown for the requested examination. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152. The application requested that Lee report to Dr. Phillips for examination at Pensacola, Florida, a point far distant from Lee's home and the seat of the trial. The trial court in its ruling states:

> "Well, gentlemen, in any event, I see no reason to require Mr. Lee to go to Pensacola, Florida, to be examined by Dr. Phillips. In the event at the hearing it should appear that there is any necessity for another mental or physical examination of Mr. Lee in addition to the showing that he makes by reason of the examination taken last March, the Court then will give such consideration to the request of another physical and mental examination as the situation may require. With that understanding, I will deny the motion."

Dr. Phillips and Lee were both present at the trial. The request for examination was not renewed. No abuse of discretion on the part of the trial court in making the ruling hereinabove quoted is shown.

NWA complains that the court erred in failing to compel Lee and Rall to answer certain questions propounded to them in depositions which were objected to by their counsel and which they refused to answer. The proceedings and the questions are set out in the printed record which we have examined. For the most part, they relate to events on January 1, 1964, which resulted in the discharge. In the discussion between counsel and the court, the court inquired whether the questions related to happenings on January 1, 1964, to which NWA's counsel responded, "Not entirely." When asked what other phase was covered, counsel referred only to a question directed to Lee inquiring whether Lee if confronted with the same situation (drunken pilot) would have acted as he did on January 1, 1964. Such question was not asked at the trial. The trial court expressed the view that the January 1 evidence was irrelevant but made no final ruling, indicating the question would be considered later.

NWA in its brief has not demonstrated that any prejudicial error was committed by the failure of the court to rule on its application to require answers to the interrogatories. Under our rules, it is NWA's duty to point out specifically in its brief the error committed and the prejudicial nature thereof, and it is not the duty of the court to search the record for error. In any event, we have examined the record on the interrogatories and find no prejudicial error has been committed.

NWA next contends that the amount of the award of damages to Lee is excessive and is not supported by substantial evidence. Lee at the time of his discharge had qualified for a rating of captain of a DC-6. The award is based upon the testimony of Cizek who assumed for the purpose of his calculations, (1) that Lee moved from Honolulu to Minneapolis and become qualified as a DC-7 captain; (2) that he then bid for and took sufficient training to qualify as captain of a 727 jet; (3) that he accomplished the move to captain of a 727 on January 1, 1966, and bid for and flew a regular schedule as such captain; (4) that by June 1, 1967, he bid for and be-

came qualified as a captain of a 320 jet and bid for and obtained a regular flight on such aircraft out of Seattle on an international flight.

These assumptions are to a considerable extent based on the assumption that Lee would have taken the required training and made the progress made by one Hempel who was next below him on the seniority list.

It is not disputed that if the assumptions made are warranted, the mathematical computations upon which the award to Lee is based are valid. If we were the trier of fact, it is possible that we would have not made all the assumptions made by the trial court. The evidence is in controversy as to Lee's ability to make the rapid progress required to obtain the award made. However, fact findings and proper inferences to be drawn therefrom made by the trial court upon the basis of substantial evidence must be upheld unless clearly erroneous.

■ While we recognize that NWA believed it was acting in good faith in its attempt to enforce its penalty for pilot intoxication on duty, its continued refusal to comply with the adjustment board award, which has been upheld, must be considered a wrongful act upon its part. NWA by its action deprived Lee of the opportunity to exhibit by his performance that he was entitled to the rating and compensation claimed.

■ Here the fact of damage has been established. More leeway is allowable to a fact finder on the issue of the amount of damage, at least in situations where precise proof of the amount of damages is difficult if not impossible. Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264, 66 S.Ct. 574, 90 L.Ed. 652; Smith v. American Guild of Variety Artists, 8 Cir., 349 F.2d 975, 984; McCleneghan v. Union Stock Yards of Omaha, 8 Cir., 349 F.2d 53, 56.

■ Lastly, NWA contends that the court erred in allowing the petitioners' attorneys' fees. It is a well-established rule that attorneys' fees are not ordinarily recoverable by a successful litigant in the absence of provision therefor in a statute or enforceable contract. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475; Sprague v. Ticonic Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 83 L.Ed. 1184; Missouri Pacific R. R. Co. v. Slayton, 8 Cir., 407 F.2d 1078, 1082.

Petitioners have pointed to no contractual provision for attorneys' fees and we are unable to find any such provision.

Petitioners contend that statutory authority for the allowance of attorneys' fees is found in 45 U.S.C.A. § 153 First (p). Provision is there made for attorneys' fees in connection with awards made by the Railroad Adjustment Board. Forty-five U.S.C.A. §§ 181 and 182, covering carriers by air, excludes § 153 as being applicable to air carriers. The attorney fee issue was not before us on the prior appeal. The issue of the trial court's jurisdiction was not raised in the trial court on the judgment involved in the first appeal. The issue of lack of jurisdiction on the part of the court on the money award issue was first raised by NWA in its reply brief wherein it was contended that § 153 First (p) contains the exclusive provision for jurisdiction. The possibility that other basis of jurisdiction might exist was not argued by any party. We held that § 153 First (p) appeared to be broad enough to confer jurisdiction.

We are of the view that we correctly determined on the prior appeal that jurisdiction existed but are now of the view that jurisdiction should have been based upon 28 U.S.C.A. §§ 1331 and 1337, not on 45 U.S.C.A. § 153. See International Ass'n of Machinists v. Central Airlines, Inc., 372 U.S. 682, 685, 692, and 696, 83 S.Ct. 956, 10 L.Ed.2d 67; Rosen v. Eastern Air Lines, Inc., 5 Cir., 400 F.2d 462, 464.

■ In any event, a finding of jurisdiction under § 153 would not solve petitioners' problem on the attorney fee issue. Forty-five U.S.C.A. § 184 creates authority on the part of contracting parties to confer on the System Board of Ad-

justment jurisdiction not exceeding that of a § 153 board, but it does not demand that jurisdiction be equal to that of a § 153 board. The parties by their contract creating the board made no provision for attorneys' fees, and we find nothing in the statutes which required them to do so.

As pointed out by the Supreme Court in *Fleischmann*, absent contract or statutory authority, attorneys' fees may be allowed only in certain exceptional situations which are there pointed out. It is neither claimed nor established that this case falls within the *Fleischmann* exceptions.

The judgment for attorneys' fees is reversed and the trial court is directed to vacate the judgment entered for attorneys' fees.

In all other respects, the judgment appealed from is affirmed.