762 F.2d 76
 119 L.R.R.M. (BNA) 2559, 103 Lab.Cas. P 11,480
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA and its
Local Union No. 1165, Appellees,
v.
UNITED FARM TOOLS, INC., SPEEDY MFG. DIVISION, Appellant.
 No. 84-2154.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 26, 1985.
Decided May 16, 1985.
 
 Marshall G. Hardesty, Jr., Cedar Rapids, Iowa, for appellant.
 M. Jay Whitman, Detroit, Mich., for appellees.
 Before ROSS, ARNOLD and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 United Farm Tools, Inc., Speedy Manufacturing Division (United Farm) appeals the District Court's[1] award of attorneys' fees to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local Union No. 1165 (Union) in the Union's suit to enforce a labor arbitration award against United Farm. United Farm asserts that the District Court erred in awarding attorneys' fees to the Union because the record did not support a finding that United Farm had acted in bad faith. For the reasons stated below, we affirm.
 
 
 2
 Pursuant to a collective bargaining agreement, the Union filed a grievance protesting the contracting out of work performed on United Farm's premises. The grievance was submitted to arbitration. The arbitrator held that United Farm had violated the collective bargaining agreement, and ordered United Farm, inter alia, to reimburse four employees for the overtime lost during the contracting out. After repeated requests from the Union, the Company failed to reimburse these employees. The Union then sued to enforce the arbitration award. The District Court granted a summary judgment in favor of the Union, and also awarded the Union attorneys' fees.
 
 
 3
 United Farm argues that the record before the District Court did not support the finding of bad faith required to support an award of attorneys' fees. United Farm contends that an honest disagreement existed as to the validity of the award because the arbitrator exceeded his authority in making the award. We disagree.
 
 
 4
 A court may "assess attorney fees against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Jaquette v. Black Hawk County, Iowa, 710 F.2d 455, 462 (8th Cir.1983). An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees. Int'l Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425, 428 (9th Cir.1983); see also Lackawanna Leather Co. v. United Food and Commercial Workers Int'l Union, 706 F.2d 228, 232 (8th Cir.1983) (en banc).
 
 
 5
 United Farm's contention that the validity of the award was honestly disputed is unconvincing because United Farm did not act to have the award set aside. We agree with the District Court's conclusion that United Farm failed to show any substantial ground justifying its refusal to comply with the arbitrator's award. Because this unjustified refusal to comply with the award constituted evidence of bad faith, the Union was entitled to recover attorneys' fees. Further, we agree with the District Court that the amount of attorneys' fees awarded was reasonable. Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Hon. Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa