INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Plaintiff,

v.

PAN AM WORLD SERVICES, INC., Defendant.

No. 86–221–CIV–ORL–19.

United States District Court, M.D. Florida, Orlando Division.

March 16, 1988.

Sarah Siskind Rogers, and Robert A. Sugarman, Miami, Fla., for plaintiff.

James G. Brown, Richeson & Brown, Orlando, Fla., for defendant.

## ORDER

FAWSETT, District Judge.

This case is before the Court upon various pending motions. After careful consideration, the Court determines these motions as follows:

1. Defendant's Motion to Review Taxation of Costs and Objections to Cost Bill, filed June 30, 1987 (Doc. No. 40), and the Plaintiff's Opposition, filed July 27, 1987 (Doc. No. 42).

After review of the foregoing, the Court concludes that the costs taxed for fees of a court reporter, in the amount of $603.30, were reasonably necessary in the case. Accordingly, the Motion is DENIED.

2. Plaintiff's Motion for Award of Attorney's Fees, filed June 22, 1987 (Doc. No. 38), and the Defendant's Opposition, filed July 2, 1987 (Doc. No. 41).

Summary judgment for the Plaintiff has been entered in this action to enforce an arbitration award. Plaintiff moves for attorney fees pursuant to 45 U.S.C. section 153 First (p), which provides that attorney fees shall be awarded to a petitioner who seeks to enforce the decision of an Adjustment Board. While this section undoubtedly provides for an award of attorney fees when an action is brought against a railroad, courts disagree as to whether this section applies when an action is brought against an air carrier to enforce the decision of an Adjustment Board acting pursuant to 45 U.S.C. section 184, as occurred in this case. *See Air Line Pilots Ass'n, International v. Northwest Airlines, Inc.,* 415 F.2d 493, 499 (8th Cir.1969), *cert. denied,* 397 U.S. 924, 90 S.Ct. 931, 25 L.Ed.2d 108 (1970) (attorney fees awarded only if provided for in contract); *Association of Flight Attendants v. United Air Lines, Inc.,* 87 Lab.Cas. ¶ 11,716 (E.D.N.Y.1979) [available on WESTLAW, 1979 WL 1957] (same). *But see Air Line Pilots Ass'n v. Capitol International Airways, Inc.,* 83 L.R.R.M. 2169, 71 Lab.Cas ¶ 13,580 (S.D.N.Y.1973) [available on WESTLAW, 1973 WL 1114]. In addition, one district court has held that under the law of the former Fifth Circuit, despite the mandatory language of the statute, attorney fees are awardable only where the air carrier's challenge to the award is totally without justification. *Texas International Airlines, Inc. v. Ass'n of Flight Attendants,* 498 F.Supp. 437, 449 (1980), *aff'd,* 667 F.2d 1169 (5th Cir.1982). The Court concludes that the Eleventh Circuit would either not allow an award of fees under 45 U.S.C. section 153 First (p) or would follow *Texas International.*

Accordingly, since the position of the Defendant was not totally without justification, the Motion is DENIED.

3. Plaintiff's Motion for Rule to Show Cause, filed July 28, 1987 (Doc. No. 43), and the Defendant's Reply, filed August 10, 1987 (Doc. No. 44).

The Plaintiff contends the Defendant should be held in contempt for failure to obey the arbitrator's decision, which was affirmed by this Court. Specifically, the Plaintiff asserts that instead of restoring the classification of Identification Clerk, the Defendant replaced that classification with that of Security Police Officer. Defendant responds that it has obeyed the decision by taking the position of Identification Clerk, which had been transferred to another union, and returning it to Plaintiff, with added responsibilities and the title of Security Police Officer.

In response to the Defendant's motion for summary judgment, the plaintiff stated specifically:

> The Arbitrator found that the work in question is IBT work, and directed that it restore the work to the IBT unit. Whether the employees wear hats and badges or carry guns is not IBT's concern. In this regard, management has the right to decide how to carry on its business. The IBT's only concern is that the Employer comply with the Award and restore the work to the IBT bargaining unit.

Having taken such a position in this litigation, the Plaintiff cannot now claim that adding new responsibilities to the work performed by the IBT members is in violation of the award. It appears that the work transferred to another union has now been returned to the Plaintiff. It further appears the only change to which IBT objects, apart from the addition of the foregoing responsibilities, is the change in name of the position from Identification Clerk to that of Security Police Officer. This seems immaterial.

Of course, the Plaintiff may be objecting to some other noncompliance with the award, or may be claiming that the change in name is in fact material. However, such is not apparent from the Motion. Accordingly, the Motion is DENIED with leave to reapply if the facts warrant.