1 F.Supp.2d 983 (1998)
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFLCIO, Plaintiff,
v.
TRANS WORLD AIRLINES, INC., Defendant.
No. 4:97CV3-DJS.
United States District Court, E.D. Missouri, Eastern Division.
January 16, 1998.
*984 Donald R. Aubry, Jolley and Walsh, Kansas City, MO, for Independent Federation of Flight Attendants.
Jerry J. Murphy, Laura Gerdes Bub, Murphy and Tobben, L.C., St. Louis, MO, Robert S. Clayman, Elise B. Schlackman, Guerrieri and Edmond, Washington, DC, for International Association of Machinists and Aerospace Workers.
Larry M. Bauer, Eric A. Todd, Stinson and Mag, St. Louis, MO, for Trans World Airlines, Inc., defendant.

ORDER
STOHR, District Judge.
Following the entry of judgment in favor of plaintiff, affirming and enforcing the award of the System Board of Adjustment, this matter is before the Court on a number of post-judgment motions.
Upon careful consideration, defendant's motion to amend or alter the judgment will be denied. In the Court's view, the motion reiterates arguments previously rejected by the Court and is otherwise unpersuasive. Plaintiff's motion for prejudgment interest for the period between the System Board's award and the Court's entry of judgment will also be denied. As stated in the Court's order of August 7, 1997, the Court is not persuaded to add prejudgment interest to the remedy set forth in the System Board's award, even if the Court has discretionary authority to do so.
Plaintiff has filed a "Motion to Enforce Order and Judgment of August 7, 1997," in which plaintiff complains of defendant's failure to comply with the System Board award affirmed by the Court and asks the Court to enter a money judgment "in the amount of $9,938,028, representing the amounts owed under the Order and Judgment as of September 30, 1997." Motion [Doc. # 48], p. 1. The System Board award affirmed by the Court provided:
In view of the non-contract longevity increases which took effect commencing September 1, 1995 and the IFFA grievance initiated on September 6, 1995, the remedy should be retroactive. This remedy shall be that pay rates for employees covered by the TWA-IFFA Agreement shall be adjusted as follows:
1. Three per cent increase retroactive to September 1, 1995. This represents the previously negotiated 5% increase, less the two 1% increases granted in 1995.
2. Three per cent increase retroactive to September 1, 1996. This represents the previously negotiated 5% increase, less the two 1% increases scheduled for 1996.
3. Effective August 31, 1997, an increase of 2.5% plus the already scheduled 3% increase  for a total of 5.5%, provided, however, that the Company has maintained its non-contract employee longevity plan beyond 1996. In the event the non-contract longevity plan is not continued beyond 1996, then the August 31, 1997 increase shall be limited to the already negotiated 3%.
Award, pp. 15-16. The Court readily agrees that defendant's self-imposed alternative  terminating the management and non-contract employees' longevity step increase program as of September 1, 1997 and assertedly recouping monies already paid out under the program by reducing the company's contributions to the management/non-contract retirement savings plan  does not constitute compliance with the specific terms of the remedy prescribed by the System Board. The Court will clarify the matter by amending the judgment nunc pro tunc to include the language of the System Board award *985 setting forth the remedy.[1]
For several inter-related reasons, however, the Court is not persuaded to enter a money judgment as plaintiff now requests, even if the Court assumes, without deciding, that it has authority to do so. First, plaintiff did not request a money judgment in its complaint, summary judgment motion, or oral argument before this Court, and to seek such a species of relief for the first time after the entry of judgment is not timely or proper. Second, particularly at this late stage of these proceedings, an appropriate evidentiary basis for the entry of a money judgment has not been established. Plaintiff's "Motion to Enforce" the judgment will be denied, although the concerns it raises will be addressed in part by the Court's entry of the judgment nunc pro tunc pursuant to Fed. R.Civ.P. 60(a).
Finally, the Independent Federation of Flight Attendants ("IFFA") is the union which represented the flight attendants at the time the grievance and lawsuit were filed. After the International Association of Machinists took over the representation, it was substituted as the party-plaintiff. IFFA has filed a motion seeking an award of attorney's fees against the airline based on its representation of the prevailing party in the litigation. Citing Air Line Pilots Association, International v. Northwest Airlines, Inc., 415 F.2d 493, 498 (8th Cir.1969), TWA argues that there exists no legal authority for such an award, absent an applicable attorney's fees provision in the collective bargaining agreement. The Air Line Pilots decision remains good law in this Circuit, and IFFA appears to concede that the applicable collective bargaining agreement does not authorize an award of attorney's fees. See IFFA's Reply [Doc. # 47] at p. 4.
IFFA urges the Court to apply the standard of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. United Farm Tools, Inc., 762 F.2d 76, 77 (8th Cir.1985), in which the Eighth Circuit held that an "unjustified refusal to abide by an arbitrator's award may constitute bad faith," warranting the imposition of attorney's fees. In contrast to Air Line Pilots, the United Farm Tools case did not involve application of the Railway Labor Act, much less application of the Act to air carriers, and so is not specific to the instant context. Furthermore, the Court would decline to impose a fee award even under the United Farm Tools standard. In that case, the Eighth Circuit noted that United Farm had not sought to have the arbitration award vacated, and so unpersuasively argued that the "validity of the award was honestly disputed." Id. Here TWA filed a counterclaim seeking to have the award vacated. In the Court's view, although not ultimately meritorious, TWA's arguments for the vacation of the System Board award were not legally frivolous or made in bad faith. IFFA's motion for attorney's fees will be denied.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to amend or alter the judgment [Docs. # 39-1 and # 39-2] is denied.
IT IS FURTHER ORDERED that plaintiff's motion for prejudgment interest [Doc. # 40] is denied.
IT IS FURTHER ORDERED that plaintiff's motion to enforce the order and judgment of August 7, 1997 [Doc. # 48] is denied.
IT IS FURTHER ORDERED that the motion of the Independent Federation of Flight Attendants for attorney's fees [Doc. # 42] is denied.
NOTES
[1] Because the management and non-contract employees' longevity step increase program did continue beyond 1996, the Court will delete the conditional language from the third element of the System Board award.