Courtney EDWARDS, Plaintiff–
Appellant Cross–Appellee,

v.

UNITED PARCEL SERVICE,
INC., Defendant–Appellee
Cross–Appellant,

Independent Pilots Association; MLI
Dissolution, Inc., f/k/a Medtox Laboratories, Inc., Defendants.

Nos. 02–6080, 02–6145.

United States Court of Appeals,
Sixth Circuit.

May 19, 2004.

James D. Howes, Howes & Associates, I. Joel Frockt, Maze, Berman & Frockt, Jeffrey L. Freeman, Jeffrey L. Freeman Attorney at Law, Louisville, KY, for Plaintiff–Appellant Cross–Appellee.

Tony C. Coleman, Julie C. Foster, Frost, Brown & Todd, Louisville, KY, for Defendant–Appellee Cross–Appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

In a third appearance before this court, plaintiff Courtney Edwards and his former employer, defendant United Parcel Service, Inc. (UPS), cross-appeal the district court's decision approving a ratified arbitration award that upholds Edwards's termination.  We affirm the district court's judgment.

I

Having detailed the underlying facts and early procedural history of this case in our previous opinions, *Edwards v. UPS*, 181 F.3d 100 (6th Cir.1999) (decision without published opinion), and 16 Fed.Appx. 333 (6th Cir.2001) (unpublished), we do not repeat them here.

Following our most recent remand, the district court determined that the collective bargaining agreement (CBA) provision

mandating a board decision by majority vote did not permit the parties to presume the votes of the partisan board members, leaving the neutral to, in effect, break the tie. The provision instead required that an actual vote take place. Accordingly, the court concluded that the neutral arbitrator's award violated the majority vote provision of the CBA. The court went on to find, however, that the flawed decision was "corrected" by the partisan UPS board members' votes to ratify the arbitrator's award. In reaching this conclusion, the district court relied on (1) affidavits of the partisan UPS board members submitted on remand, and (2) the lack of specificity in the CBA as to the time and manner of the board's majority vote.

With this appeal, the parties challenge three aspects of the district court's judgment: (1) its subject matter jurisdiction to determine compliance with provisions of the CBA; (2) its assessment that the pre-ratification award violated the CBA's terms; and (3) its conclusion that the pre-ratification award could be corrected.

## II

### A. Subject Matter Jurisdiction

Although this court previously decided this jurisdiction question in *Edwards v. UPS,* 16 Fed.Appx. 333 (6th Cir.2001), the law-of-the-case doctrine does not foreclose reconsideration of subject matter jurisdiction. *Amen v. City of Dearborn,* 718 F.2d 789, 793–94 (6th Cir.1983).

■ Reviewing the issue of subject matter jurisdiction de novo, *Friends of the Crystal River v. EPA,* 35 F.3d 1073, 1077 (6th Cir.1994), we again find that the district court had jurisdiction to review the arbitration award as part of its authority to determine whether the board failed to confine itself to matters within the scope of its jurisdiction—that is, whether the board

complied with the CBA's terms. *See, e.g., Jones v. St. Louis–San Francisco Ry. Co.,* 728 F.2d 257, 265 (6th Cir.1984).

### B. The Original Arbitration Award

UPS contends that the district court incorrectly concluded that the original award violated the CBA's majority vote provision. In UPS's view, the consistent past practice of the parties validated the approach of presuming the votes of the partisan board members (as a two-to-two tie) and requiring only the neutral arbitrator (as the tie breaker) to enter the award.

■ As we previously held, the board is bound by the CBA's express majority vote provision because " 'the jurisdiction of the arbitration boards is limited to that which is conferred upon them by the arbitration agreement.' " *Edwards,* 16 Fed.Appx. at 337 (citing *Jones,* 728 F.2d at 265). Past practice or custom cannot trump clear and unambiguous terms of a CBA. *See, e.g., Beacon Journal Publ'g Co. v. Akron Newspaper Guild, Local Number 7,* 114 F.3d 596, 601 (6th Cir.1997). Accordingly, given the terms of this particular CBA, the district court properly found that the original award violated the CBA's majority vote provision because the award resulted solely from the neutral arbitrator's unilateral decision.

### C. The Ratified Arbitration Award

■ Edwards contests the district court's ruling that ratification by partisan UPS board members could properly correct the award. He first contends that according to *Jones v. St. Louis–San Francisco Railway Company,* the board lacked authority to ratify the award more than six years after holding hearings on Edwards's grievance because the arbitrators' authority had expired. 728 F.2d at 265 (6th Cir. 1984) (finding that a fourteen-month delay in rendering an arbitration award was un-

reasonable and that the arbitration board "had long since lost jurisdiction to resolve [the] dispute" after such an "inordinate period of time"). *Jones,* however, concerned a delay between the arbitration hearing and the board's rendering of a written award, not (as here) a delay between the issuance of the board's award and judicial determination of that award's validity. As the district court noted, the delays of litigation should not preclude the board from ratifying the award.

■ Edwards next urges that the board violated the CBA's terms because the substitutions of partisan board members, specifically the substitution of the UPS board member at the third hearing, meant that the same five board members did not hear the evidence in its entirety, thereby violating the CBA's requirement that the board "hear the dispute including the presentation of such witnesses and evidence" before rendering a decision. Edwards raised no objection to the substitutions during the course of the hearings; in fact, the Independent Pilots Association, which represented his interests in the arbitration, substituted one of its partisan board members at the second hearing day. More importantly, the board members who signed (or ratified) the award were the same members present at the third hearing day, which concerned Edwards's second urine sample, and therefore heard the merits of all the issues decided by the award.

■ Finally, Edwards complains that because the board did not confer prior to rendering its award (either when the neutral arbitrator issued the award or when the partisan UPS members ratified the award), the board failed to comply with the requirements of the CBA. As with Edwards's other challenges, we look to the CBA and find there no requirement that board members deliberate before rendering a decision. The agreement requires only that the board's decision result from a "majority vote," and is silent about the manner of achieving that vote.

### III

For the foregoing reasons, we affirm the district court's judgment upholding the ratified arbitration award as compliant with the CBA's express terms.