NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0318n.06

No. 14-5444

**FILED**
May 01, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CROSSVILLE MEDICAL ONCOLOGY, P.C., | ) | |
| | ) | |
| Plaintiffs-Appellees, et al., | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GLENWOOD SYSTEMS, LLC, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: KEITH, COOK, and DONALD, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** This appeal stems from a litany of litigation between the parties spanning over more than a decade, and is our third review. Today we decide whether the parties' contract allows a district court to award additional attorneys' fees in an arbitration confirmation. The prevailing party in the arbitration proceedings, Glenwood Systems, LLC d/b/a Glenwood Systems, Inc. ("Glenwood"), filed a motion for attorneys' fees, enhancement of attorneys' fees and prejudgment interest, but was denied by the district court. Glenwood argued that the arbitration agreement provided for attorneys' fees and due to the court's prior enforcement, it had the authority to issue additional fees. Alternatively, Glenwood asserted that its adversary's constant evasion of the arbitrator's award constitutes bad faith and warrants additional fees. The district court held that under the Federal Arbitration Act ("FAA") as interpreted by *Menke v. Monchecourt*, 17 F.3d 1007 (7th Cir. 1994), it did not have

jurisdiction to award attorneys' fees associated with confirmation of an arbitration award. The district court only confirmed the award as issued by the arbitrator: $221,147.45, with $16,238.75 for attorney's fees and costs. The district court did not state why it declined to order enhancement of attorneys' fees and prejudgment interest. Because we find that the parties' contract does not authorize a court to award attorneys' fees beyond those issued by an arbitrator, it was not error to deny Glenwood's request. We **AFFIRM** the district court's judgment denying Glenwood's motion for attorneys' fees and fee enhancement. However, the denial of prejudgment interest is **REVERSED** and **REMANDED** for findings of fact.

## I.     BACKGROUND

Crossville Medical Oncology ("Crossville"), through its sole shareholder, Dr. David C. Tabor, initially brought suit against Glenwood in September 2004, alleging that Glenwood breached a Billing Service Agreement (the "Agreement") between the parties. The claim was dismissed after the district court determined that there was an enforceable arbitration clause in the Agreement. We affirmed. *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 310 F. App'x 858 (6th Cir. 2009).

In March 2006, Crossville filed an arbitration demand, and Glenwood filed a counterclaim against Crossville and Dr. Tabor. Over objection that Dr. Tabor consented to arbitration, the arbitrator issued an award against Dr. Tabor for $221,147.45 ("Award"), with an additional $16,238.75 for attorneys' fees. The arbitrator found that Dr. Tabor was liable because he signed of the agreement in his individual capacity. The arbitrator further held that Dr. Tabor breached the Agreement.

Glenwood sought to confirm the Award in federal district court. Crossville objected to the confirmation, arguing that Glenwood's motion to enforce the award against Dr. Tabor was

improper because Dr. Tabor had not consented to the arbitration. The district court granted Glenwood's motion, and Crossville appealed. We reversed the district court's decision and remanded the case. *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 485 F. App'x 821 (6th Cir. 2012). We held that the FAA precluded judicial review of those whom were bound by the Agreement. *Id.* We remanded, specifically instructing the district court to determine whether Dr. Tabor was bound by the Agreement. A bench trial was held on September 10, 2013, and the district court found that Dr. Tabor was personally bound by the Agreement. The district court entered a judgment confirming the Award against Dr. Tabor. Dr. Tabor filed an appeal, but subsequently withdrew it.

After the trial, Glenwood filed a motion for attorneys' fees and prejudgment interest. Glenwood sought recovery of attorneys' fees incurred for the various litigation involved after arbitration. Dr. Tabor responded and asserted that the district court lacked authority under the FAA to award attorneys' fees associated with confirmation of an arbitration award. To support his position Dr. Tabor cited *Menke*.

On March 11, 2014, the district court entered a handwritten order denying Glenwood's motion for attorneys' fees and prejudgment interest. The ruling stated:

> Based upon <u>Menke v. Monchecourt</u>, 17 F.3d 1007 (7th Cir. 1994) this motion is DENIED as beyond the authority of the court. The <u>Huntsville Golf</u> decision cited by Plaintiff is inapplicable as here the Defendant Tabor was a party to the arbitration, but most of the Defendants in <u>Huntsville Golf</u> were not parties to the arbitration proceeding.

Order, PageID #: 1407, Jan. 31, 2014, ECF No. 169. Glenwood filed this appeal.

## II.     STANDARD OF REVIEW

Generally, a district court's denial of attorneys' fees is reviewed for abuse of discretion. *Cleveland v. Ibrahim*, 121 F. App'x 88, 89 (6th Cir. 2005). However, when the court's denial of

attorneys' fees is based on an underlying legal conclusion, we review denial de novo. *See Edwards v. United Parcel Serv., Inc.*, 99 F. App'x 658, 660 (6th Cir. 2004). Thus, because the district court determined that it lacked the authority to award Glenwood's attorneys' fees, we review the district court's decision de novo. *See id.*

### III.   DISCUSSION

Glenwood appeals the district court's judgment denying its motion for post-arbitration attorneys' fees and fee enhancement. Glenwood first asserts that paragraph 10 of the Agreement provides for the recovery of attorneys' fees; Glenwood argues that because the district court proceedings were not to simply confirm the award, it can enforce the Agreement. Glenwood also contends that, in the alternative, it is entitled to attorneys' fees "based on Dr. Tabor's repeated acts of bad faith in avoiding confirmation of the Award against him personally." Appellant's Br. 34. In addition to appealing the district court's judgment denying its motion for attorneys' fees, Glenwood also appeals the district court's judgment denying prejudgment interest. We address each of these arguments in turn.

#### A.   *Attorneys' Fees*

##### 1.   *Arbitration Agreement Provision*

The parties dispute whether a court may award attorneys' fees to a party for post-arbitration litigation. Citing *Menke*, the district court held that it did not have jurisdiction to award attorneys' fees for post-arbitration litigation, and we agree.

Generally, under the "American" rule, litigants pay their own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263-64 (1975). The FAA neither contemplates nor precludes an award of attorneys' fees. *See Menke*, 17 F.3d at 1009. In *Menke* the Seventh Circuit held that "there is nothing in the Federal Arbitration Act which provides

attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in federal courts." *Id.* The Court further stated that a court may only award attorneys' fees if it is authorized by statute, or by the parties' contractual agreement. *Id.* ("Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees.").

Crossville argues that this case presents no exception; the parties are bound by the American rule and *Menke,* and thus are required to pay their own attorneys' fees. Crossville, however, concedes that the Agreement anticipates attorneys' fees, but only in the limited context of fees associated with the arbitration proceedings, not fees to enforce the Award. Glenwood agrees that the FAA does not provide recovery for attorneys' fees, *See* Appellant Br. 24, but argues that the parties' agreement warrants departing from the American rule, and rendering *Menke* inapplicable. Specifically, Glenwood asserts that the Agreement entitles it to all fees associated with enforcing its Award. Glenwood contends that paragraph 10 of the Agreement provides for an award of attorneys' fees to the prevailing party not just at arbitration, but "at any stage of litigation between the parties."

Paragraph 10 of the Agreement states:

> Miscellaneous: This Agreement shall be governed by laws of the State of Connecticut. Any dispute arising out of or in connection with this Agreement, if not otherwise resolved, shall be determined by arbitration in New Haven County, Connecticut, in accordance with the Rules of American Arbitration Association and it is the express desire of the parties that the prevailing party be awarded costs and attorneys' fees and the award be entered as a judgment in any jurisdiction in which the non-prevailing party does business.

Billing Service Agreement, Case 2:10-cv-00061, Document 1-2 PageID #:37.

Contract interpretation requires us to apply state substantive law and determine the parties' intent from "the plain language of the contract."[1] *Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 421 (6th Cir. 2008). Thus, "[w]e accord the language employed in the contract a rational construction based on its common, natural and ordinary meaning and usage as applied to the subject matter of the contract." *Cantonbury Heights Condominium Ass'n, Inc. v. Local Land Dev., LLC*, 873 A.2d 898, 904 (Conn. 2005). "Where the language is unambiguous, we must give the contract effect according to its terms." *Id.* "Moreover, in construing contracts, we give effect to all the language included therein, as 'the law of contract interpretation . . . militates against interpreting a contract in a way that renders a provision superfluous.'" *Ramirez v. Health Net of Ne., Inc.*, 938 A.2d 576, 586 (Conn. 2008) (quoting *Wesley v. Schaller Subaru, Inc.*, 893 A.2d 389, 402 (Conn. 2006)).

A rational construction of the Agreement compels the conclusion that the Agreement is not as broad as Glenwood asserts. The Agreement here only authorizes an *arbitrator* to award attorneys' fees and costs during *arbitration*, and authorizes the district court to enter the award as a judgment. The words "award" and "entered as a judgment" support our conclusion. Arbitration proceedings, and subsequent confirmation, operate such that arbitrators make an "award," and judges "enter," as "judgments," arbitration "awards." Thus, applying the rules of contract interpretation, the Agreement does not anticipate an award of post-arbitration attorneys' fees for subsequent proceedings and litigation.

Glenwood cites *Sailfrog Software, Inc. v. Theonramp Group., Inc.*, No. 97-7014, 1998 WL 30100 (N.D. Cal. Jan. 20, 1998), as support for its argument that the Agreement provision

---

[1] The Agreement provides that Connecticut law governs, but the Agreement may have been entered into in Tennessee. We do not determine whether the choice-of-law provision is valid, although neither party disputes its validity because there is no meaningful distinction under either state's substantive law as conceded by the parties.

authorizes an additional award of attorneys' fees. However, *Sailfrog* does not support

Glenwood's position. The *Sailfrog* court interpreted an arbitration agreement and concluded that

the parties' contract anticipated the payment of costs incurred to confirm an arbitration award.

*Id.* at \*5. The *Sailfrog* arbitration agreement stated:

> [i]f any action at law or in equity is brought for breach of or is necessary to enforce the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and necessary disbursements in addition to any other release to which this party may be entitled.

*Id.* The district court held the clause was broad, incorporating "any action at law or in equity."

It reasoned that "such clauses support the awarding of court costs and reasonable attorneys' fees

to the successful party both for the arbitration itself and the confirmation proceeding." *Id.*

While parties are free to contract for the payment of attorney's fees, *see Menke,* 17 F.3d

at 1009, the provision in dispute here is not as broad as *Sailfrog's*. Here, there is language that

limits the award of attorneys' fees. Instead, of the all-encompassing entitlement to attorneys'

fees for "any action at law or in equity[,]" the provision here states that "the award be entered as

a judgment." As stated above, judges enter judgments. There is no language that can be

interpreted to imply that a court may do more than enter the judgment. Additionally, the

provision in *Sailfrog* allows attorneys' fees for an action "necessary to enforce the terms of this

agreement." *Sailfrog*, 1998 WL 30100, at \*5. These words contemplate an award of attorneys'

fees for actions outside the scope of arbitration because additional litigation could be necessary

to enforce the agreement. No similar wording appears in paragraph 10. Thus, because the

provision in *Sailfrog* is broader than the provision here, we reject Glenwood's argument that

*Sailfrog* supports its entitlement to post-arbitration attorneys' fees.

We must note that our sister circuit in *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir. 1986), upheld the district court's award of attorneys' fees in a post-arbitration proceeding. *Id.* at 578. However, our holding today does not conflict with the Fifth Circuit's holding in *Schlobohm*; it is supported by it. In *Schlobohm*, Pepperidge Farm argued that the district court had no power to award Schlobohm attorneys' fees because under the FAA, the court sat solely to confirm the arbitration award. *Id.* at 580. The Fifth Circuit rejected Pepperidge Farm's argument, holding that because the parties' agreement did not state that "any dispute arising from the contract" would be submitted to arbitration, a court was free to consider whether an award of post-arbitration fees was warranted. *Id.* at 581. The Fifth Circuit further reasoned that because there was an arbitration proceeding, which did not address attorneys' fees, a court would not be precluded from deciding whether an award of attorneys' fees was appropriate. *Id.* *Schlobohm* stated that only in cases where the parties' agreement "intended to avoid court litigation by resolving the entire dispute through arbitration, [would] intervention by the court to award additional relief [ ] be inconsistent with the language and policy of the Federal Arbitration Act." *Id.* The *Schlobohm* court opined that this is especially the case when the agreement provides that "any dispute arising from the contract" would be submitted to arbitration. *Id.* ("If, as is often the case, the arbitration agreement had provided that 'any dispute arising from the contract' would be submitted to arbitration, a strong case could be made that any award of attorney's fees, interest, and costs was necessarily submitted to the arbitrators and a district court that made such an award would be impermissibly modifying the arbitrators' decision).

The Agreement in dispute here has the precise language that the Fifth Circuit in *Schlobohm* suggested would preclude a court from adjudicating the issue of post-arbitration

attorneys' fees. It is evident that the Agreement does not authorize a court to award attorneys' fees. Paragraph 10 states that "[a]ny dispute arising out of or in connection with this Agreement . . . shall be determined by arbitration." The parties intended to avoid court litigation by resolving "any dispute" through arbitration, including attorneys' fees. Glenwood, indeed, did submit the issue of attorneys' fees to arbitration. And, Glenwood, as the prevailing party, received an award of attorneys' fees in the arbitration award. Thus, while the agreement in *Schlobohm* allowed the court to award additional attorneys' fees, such is not the case here because Glenwood agreed to submit its entire dispute to arbitration. Accordingly, we find that the Agreement does not authorize the court to do more than enter the arbitration award as a judgment.

Because the FAA does not provide for an award of attorney's fees in a confirmation action, and because the Agreement does not authorize additional attorneys' fees, we conclude that there is no basis for departing from the American rule; *Menke* is directly on point. As held in *Menke*, "[a]bsent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees." *Menke*, 17 F.3d at 1009. Therefore, the district court did not err in denying Glenwood's motion for post-arbitration attorneys' fees.

### 2. Bad Faith

Glenwood's alternative argument is that Dr. Tabor litigated the arbitrator's decision in bad faith, and thus, it is entitled to its post-arbitration attorneys' fees. Glenwood asserts that Dr. Tabor has refused to abide by the arbitrator's decision, and has essentially stalled the confirmation of the Award by continuing to litigate the matter.

As we have already indicated, generally, "each party in federal litigation pays its own attorneys' fees," *id.*, except in circumstances "where a party or counsel have [sic] acted in bad faith in the instigation or conduct of litigation." *Monroe Auto Equip. Co. v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers*, 981 F.2d 261, 270 (6th Cir. 1992) (quoting *Ray A. Scharer & Co. v. Plabell Rubber Prod., Inc.*, 858 F.2d 317, 320 (6th Cir. 1988)). In such circumstances, "the court has the inherent authority to assess an award of attorney's fees against either the litigant or his attorney." *Id.* "[A]n award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Id.* "An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (citing *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir.1983)).

The record does not support Glenwood's claim that Dr. Tabor refused to abide by the arbitrator's award in bad faith. While the record shows that Crossville and Dr. Tabor filed three appeals to this Court, these actions do not rise to the level of "egregious misconduct" as demonstrated in other cases warranting sanctioned attorneys' fees. *See*, *e.g.*, *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 249 (7th Cir. 1986) (awarding fees after concluding that the "'company had no ground for challenging the [arbitrator's] decision in court,'" and finding that company filed suit after the statute of limitations had run); *see also United Farm Tools,* 762 F.2d at 77 (finding attorneys' fees were warranted because the defendant failed to show any substantial ground for refusal to comply with arbitrator's award when it did not even act to have the award set aside).

Dr. Tabor presented adequate arguments during the litigation, one of which resulted in the reversal of the district court's confirmation. Crossville filed its first appeal after the district court dismissed its case and referred it to arbitration. On appeal, Crossville argued that Glenwood waived its right to arbitration by first engaging in litigation; that Glenwood could not enforce the arbitration clause because it was not a party to the Agreement; and that the district court erred in allowing it to properly state a claim against Glenwood. The basis for Crossville's last argument was that it was unaware that Glenwood Systems, Inc. (a company that it entered into the Agreement with, and believed to be a trade name of Glenwood Services, LLC), was a separate and distinct entity from Glenwood Systems, LLC (whom it filed its complaint against). We affirmed the district court's dismissal and referral to arbitration. The parties participated in arbitration proceedings, and without discussion the arbitrator found that Dr. Tabor was personally liable. Crossville filed its second appeal after the district court confirmed that award. The arguments raised during the second appeal were successful. In that appeal, Dr. Tabor asserted that he had not agreed to be bound by arbitration, and thus, that he was not a party to the arbitration. This Court agreed, finding that Dr. Tabor had not "clearly and unmistakably" agreed to submit to arbitration. *Crossville*, 485 F. App'x at 823. Therefore, Dr. Tabor's appeal of the district court's judgment was certainly not unfounded, as he prevailed in his assertion. Consequently, we cannot say that Dr. Tabor engaged in bad faith in the filing and litigation of two appeals, one of which resulted in a reversal in his favor.

Based on the foregoing actions, we do not find that Dr. Tabor's continued litigation constitutes bad faith.

## B. *Fee Enhancement*

Glenwood also requests an enhancement of attorneys' fees. "Fee enhancements are permissible in rare cases of 'exceptional success.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 621 (6th Cir. 2007) (quoting *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005)). The relevant inquiry is "whether an adjustment is necessary to the determination of a reasonable fee." *Barnes*, 401 F.3d at 745 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The party seeking an enhancement bears the burden of proving such necessity. *See Blum*, 465 U.S. at 898.

Glenwood does not clearly state whether it requests an enhancement of the fees issued by the arbitrator or additional attorneys' fees that it sought from the district court. A review of its memorandum in support of its motion states that "this Court should enhance any attorney's fee *ultimately* awarded." Appellant Mem. in Support of Mot. for Att'y's Fees, Case 2:04-cv-00091 Document 163 PageID #: 1334 (emphasis added). Because the arbitrator's fees had already been awarded, we interpret this statement to mean that Glenwood sought an enhancement of any additional post-arbitration attorneys' fees that the district court may have awarded. As held above, Glenwood is not entitled to additional post-arbitration attorneys' fees, and thus, it could not be entitled to an enhancement of those fees. We uphold the decision of the district court, which declined to enhance fees.

## C. *Prejudgment Interest*

In its handwritten order denying Glenwood's motion for attorneys' fees, the district court summarily denied Glenwood's motion for prejudgment interest. The order cites *Menke* as controlling authority for the denial of the motion. However, *Menke*, does not address the issue of prejudgment interest, and the district court gave no other reason to support its decision. Because attorneys' fees and prejudgment interest are not mutually exclusive, the district court's denial of

Glenwood's attorneys' fees does not necessitate a denial of Glenwood's request for prejudgment interest. Thus, we remand to the district court to determine whether Glenwood is entitled to an award of prejudgment interest. *See Drennan v. Gen. Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992) ("The district court, without explanation, declined to impose prejudgment interest . . . [t]hus, the denial of prejudgment interest on the damages award is remanded with instructions to support an award or denial of prejudgment interest with findings of fact incorporating its reasons for its decision.").

## IV. CONCLUSION

Accordingly, we **AFFIRM** the district court's judgment denying Glenwood's motion for attorneys' fees and fee enhancement. The denial of prejudgment interest is **REVERSED** and **REMANDED** for findings of fact.